CALVIN CHAPMAN, APPELLEE, v. ADA MEYERS, APPELLANT.

FILED MAY 7, 1909. No. 15,676.

1. **Fraud: PLEADING.** In an action to recover money alleged to have been obtained by misrepresentation, fraud, duress and deceit, the petition must set forth the facts showing such fraud, and a mere allegation of fraud or misrepresentation is not sufficient.

2. **Evidence** examined, its substance set forth in the opinion, and *held* not sufficient to sustain the judgment of the district court.

3. **Action: ILLEGAL TRANSACTIONS.** A court will not lend its aid to one who founds his cause of action upon an immoral or illegal transaction.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Reversed.*

*Edwin F. Warren* and *Horace G. Leigh,* for appellant.

*Logan F. Jackson, contra.*

BARNES, J.

Action to recover money alleged to have been obtained by fraud and under a mistake of fact. The plaintiff had judgment and defendant has appealed.

The undisputed facts, as disclosed by the record, are that in May, 1899, the plaintiff was the owner of lots 3 and 4, in block 32, of South Nebraska City, on which there was due and delinquent a large amount of state, county and city taxes; that the lots had been purchased at delinquent tax sale by the county of Otoe, and on the 2d day of that month the county sold its claim therefor, and issued its two certificates of sale thereon to the defendant; that the plaintiff by and through his agent and attorney, William Moran, was in fact the real purchaser of said lots, and, without the knowledge or consent of the defendant, caused the certificates to be made out to and in her name, and thus, by fraud and deceit practiced upon the county officers, obtained said certificates for the face of the taxes, without paying either the interest, penalties or costs of advertising and sale due thereon. So it appears that the plaintiff succeeded in purchasing the certificates of tax sale upon his own lots for a much less sum than was due thereon, and thereby defrauded the state, city and county out of a portion of the taxes on his own property, which he ought to have paid. It further appears that the defendant prior to that time had, by and through her son-in-law and agent, one Dr. Nesbit, been engaged in the purchase of property at delinquent tax sale; that the plaintiff, knowing that fact, had procured the certificates above mentioned to be made out to her and in her name. An examination of the tax sale certificates shows that they were assigned, by a writing on the back thereof, to the plaintiff, and it is claimed that the defendant made such assignment. This she denies, and so one of the questions in dispute was whether or not she executed the assignment above mentioned. It further appears that the defendant had invested, from time to time, considerable money in tax sale certificates; that Dr. Nesbit has transacted all of that business for her, and that she had given it no personal attention whatever; that when Dr. Nesbit left Nebraska City he informed her that

she still had certificates of tax sales amounting to several hundred dollars, which he had left in Mr. Moran's safe. No record of the assignment of the certificates in question was ever made, and so it appeared from the county records that the defendant was the owner and holder thereof; that the lots had not been redeemed by the owner, and that she was entitled to demand and receive the amount of taxes, interest, penalties and costs due thereon. It transpired that in the early part of May, 1905, the defendant discovered, from a certain notice by publication in one of the Nebraska City newspapers, that William Moran was foreclosing certain tax certificates in her name. Never having employed him as her agent or attorney, and never having had any business transactions of that nature with him, it excited defendant's curiosity, and she thereupon sent for her attorney, one H. G. Leigh, and requested him to look the matter up, and ascertain what, if any, interest she had in any other property by reason of the business theretofore transacted for her by Dr. Nesbit. An examination of the county records disclosed that she was the owner of the two tax sale certificates above mentioned, and, supposing that the record stated the truth in regard to that matter, she directed her attorney to collect the amount which appeared to be due her from the plaintiff, or, in default of the payment thereof, to institute foreclosure proceeding. Her attorney thereupon had an interview with the plaintiff, and demanded payment of the money due on said certificates, which at that time amounted to about $1,200. The plaintiff insisted that at some time, or in some way, which he was then unable to state, he had paid the taxes in question, and asked for time in which to investigate the matter and find his tax receipts or certificates of purchase, which was granted. Other conversations took place between them from time to time, and, plaintiff being unable to find the tax certificates or any receipts for the payment of the taxes in question, such negotiations were finally had that he offered to pay $600 to the defendant in

full satisfaction of her tax lien. This offer she accepted, the money was paid to her, and she executed, at the plaintiff's request, an affidavit stating that she was the owner of the tax certificates, and that she had never assigned them to any one. Later on the plaintiff found the certificates, which it appears had at all times been in his possession, and as soon as he found them he demanded repayment of the $600 from the defendant, and, repayment being refused, this action was instituted.

The plaintiff's petition fairly states the foregoing facts, and in addition thereto alleges: "The said defendant had not at any time any interest in said certificates or any part thereof, and that the collection of the said funds from the plaintiff herein on or about the 18th day of May, 1905 was done by misrepresentation, fraud, duress, and deceit on the part of said Ada Meyers." This constitutes the basis of the plaintiff's action. The answer properly put in issue the averments of the petition, and the cause was tried upon the issues thus presented. At the beginning of the trial the defendant objected to the introduction of any evidence on the part of the plaintiff for the following reasons: "First, the petition does not state a cause of action in favor of the plaintiff and against the defendant; second, from the opening statement of counsel for plaintiff, which is to the effect that the money for which this action has been brought was paid by the plaintiff to the defendant to avoid a lawsuit, under a threat of litigation, it therefore is a voluntary payment and the plaintiff cannot recover in this case." The objection was overruled, and the cause was finally submitted to the jury upon the pleadings, the evidence, and the instructions of the court, and a verdict for the plaintiff was returned, upon which judgment was rendered.

It was claimed by the plaintiff on the trial that the defendant at the time of the settlement knew that she had no interest whatever in the tax certificates in question. This was denied by her, and in fact is the only question in dispute between the parties. The plaintiff testified

that, when he demanded the return of the money, defendant made use of the expression that she knew she had no interest in the transaction, and he is corroborated, to some extent, by the evidence of his attorney, Mr. Jackson. This the defendant denied positively and without equivocation, and her evidence is corroborated by that of her sister and her attorney, Mr. Leigh. In addition to this she testified that, from the fact of having been engaged in the purchase of delinquent taxes by and through Dr. Nesbit, and having been informed that she still had several hundred dollars invested in such transactions, and from what she learned from the county records, she believed in good faith that she was the owner of the tax certificates, and that she is still of the same opinion. The record contains a large number of assignments, among which we find that it is contended that the district court erred in not sustaining defendant's objection to the introduction of any evidence on the part of the plaintiff, in not directing the jury to return a verdict in her favor at the close of all of the plaintiff's evidence, and in not rendering judgment in her favor, notwithstanding the verdict. These contentions will be considered together. It is conceded by plaintiff in his brief that, "had Mrs. Meyers honestly thought * * * that she was the owner of the certificates in question, * * * it would be a difficult matter for Mr. Chapman to recover his money." It will thus be seen that the plaintiff was, and is, aware of the fact that, if the settlement by which defendant obtained the money in question was without fraud on her part, then the payment was a voluntary one, and he cannot recover, in other words, that the defendant must have been guilty of fraud in procuring such payment in order to render her liable.

It is a well-settled rule that in a charge of fraud and misrepresentation the facts showing such fraud must be pleaded, and a mere allegation of fraud or misrepresentation is not sufficient. *Johnston v. Spencer*, 51 Neb. 198; *Tepoel v. Saunders County Nat. Bank*, 24 Neb. 815; *Ault-*

*man, Taylor & Co. v. Steinan,* 8 Neb. 109; *Arnold v. Baker,* 6 Neb. 135; *Clark v. Dayton,* 6 Neb. 192. We think it may be said that this question is so well settled that it is unnecessary to cite any further authority in support of it. An examination of the petition in this case discloses that the only allegation relating to fraud contained therein is the one above quoted. That this is insufficient to state a cause of action based on fraud, misrepresentation, deceit, or duress seems clear. So we are of opinion that the petition in this case failed to state facts sufficient to constitute a cause of action. It is contended, however, by the plaintiff that the defendant will not be permitted to avail herself of this defect after verdict and judgment; that the petition should be liberally construed, and that, by so construing it, it is sufficient to sustain the judgment. If this view of the matter should be adopted by us, still we are satisfied that the evidence is insufficient to authorize a recovery. The main question in dispute between the parties is whether or not the defendant, at the time of the settlement, knew that as a matter of fact she had no interest in the tax certificates. Upon this point we have quoted all of the evidence, and to us it seems quite insufficient to show that the defendant was guilty of any fraud in the transaction. On the other hand, the clear weight of the evidence, supported by the facts and circumstances surrounding the whole transaction, amply justified her in the conclusion that she owned the certificates in question, and shows conclusively that she had no information to the contrary.

Again, there is another and more cogent reason why the plaintiff should not be permitted to recover in this action. The rule is well settled that no court will lend its aid to a man who founds his cause of action upon an immoral or illegal act. Broom, Legal Maxims, p. 545. It appears by the pleadings and from the plaintiff's evidence in the case at bar that the whole foundation of his claim is based on the unlawful acts by which he purchased his own property from the county authorities at tax sale for

a less amount than was actually and lawfully due thereon, and by making such purchase in the name of the defendant, without her knowledge or consent. It appears that, after having made such unlawful purchase, plaintiff had the certificates, which had been taken in defendant's name, assigned to himself, and, instead of having the assignments made a matter of record, he held the certificates in his own possession secure in the belief that no effort would be made by any one to collect the taxes on his property or foreclose the lien evidenced by the certificates, and that he would thus escape the payment of a considerable portion of his taxes. It seems clear that, having embarked in this illegal transaction, when the defendant demanded a settlement of her apparent tax lien from him, it was necessary to either produce his tax receipts or the certificates in question, or settle with her in order to prevent a disclosure of his illegal conduct; that in order to carry out the transaction to its final conclusion he found it necessary to pay to the defendant the $600 which he now seeks to recover. It seems clear to us that under such circumstances a court of justice should render him no assistance. If he should be permitted to recover in this action, he would be enabled, by means of the judgment of a court of justice, to evade the payment of a portion of the taxes justly due from him to the state, county, and city, and receive a legal commendation of his unlawful act. We decline to sanction the plaintiff's conduct in any manner whatever.

The foregoing reasons are sufficient to require a reversal of the judgment, without considering any of the other assignments of error. The judgment of the district court is therefore reversed and the cause is remanded for further proceedings in accordance with the views expressed in this opinion.

REVERSED.