GRACE M. HOOPES, APPELLANT, V. CITY OF OMAHA ET AL., APPELLEES.

FILED MARCH 4, 1916. No. 18553.

1. **Municipal Corporations: PUBLIC IMPROVEMENTS: NOTICE.** Published notice directed to "owners of lots within" an improvement district, as shown by an ordinance and a public plat, and to the "owners of lots abutting on or adjacent to" a street designated by name, that a petition has been filed for the paving of such street, may be binding on the owner of a lot 49 feet from the street to be improved but connected therewith by another street and an alley. Rev. St. 1913, sec. 4295.

2. ——: ——: **PETITION: FINDING OF COUNCIL.** The legislature in enacting a city charter may make the finding of a city council that a petition for the creation of an improvement district is "regular, legal and sufficient," conclusive except upon appeal, notice of the petition and of the making of an assessment being required. Rev. St. 1913, sec. 4299.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Charles S. Elgutter, J. W. Schopp* and *W. D. Griffin,* for appellant.

*John A. Rine* and *W. C. Lambert, contra.*

ROSE, J.

This is a suit to enjoin the collection of a special assessment of $132.75 against lot 13, block 8, Creighton's First addition to Omaha, for curbing and paving. The lot de-

Hoopes v. City of Omaha.

scribed is owned by plaintiff and fronts on Thirty-third street, but is in improvement district No. 1204 which was created by ordinance for the purpose of curbing and paving Arbor street between Thirty-second avenue and Thirty-fifth street. The city of Omaha and its treasurer are defendants. From a dismissal of the action, plaintiff has appealed.

It is insisted that the petition for the improvements is not signed by "the record owners of a majority of the frontage of taxable property in such district," as required by the city charter. Rev. St. 1913, sec. 4287. In this connection it is argued by plaintiff that the council was without jurisdiction to order the improvements, and that therefore the assessment is void. Defendants take the position that the city council, as authorized by law, made a conclusive finding that the petition was "regular, legal and sufficient." Rev. St. 1913, sec. 4299. Plaintiff assails the finding as void on the ground that published notice of the filing of the petition was fatally defective. Attention is thus directed to the terms of the city charter and to the publication of notice. The statute provides:

"The city council shall by resolution direct the city clerk to cause a copy of the petition to be published for three days in the official paper of the city, with a notice thereto attached directed to the property owners generally in the district that they shall have twenty days from the first day's publication of the petition and notice to file a protest in the office of the city clerk against the regularity or sufficiency of the petition or any signature thereon." Rev. St. 1913, sec. 4295.

In the published notice reference was made to the property owners and to their realty as follows: "To the owners of all lots, lands, tracts and parcels of land within street improvement district No. 1204, and to the owners of all lots, lands, tracts and parcels of land abutting on or adjacent to that part of Arbor street from Thirty-second avenue to Thirty-fifth street in the city of Omaha, Nebraska."

Since plaintiff was not designated by name, was there a sufficient description of her property to charge her with notice as owner? Her lot was in the improvement district as shown by an ordinance and by a public plat. Was she the owner of "land abutting on or adjacent to" that part of Arbor street between Thirty-second avenue and Thirty-fifth street? Her lot fronts on Thirty-third street, a thoroughfare entering Arbor street at right angles. Between Arbor street and the property of plaintiff there is nothing but a corner lot 49 feet wide. From the rear of her premises to Arbor street, a distance of 49 feet, there is an alley. Notice of a purpose to improve Arbor street at that place would naturally arrest the attention of persons owning property there. The question is: Was the publication technically sufficient for that purpose?

In 2 Page and Jones, Taxation by Local and Special Assessment, sec. 751, it is said: "In the absence of a statute specifically requiring it, it is not necessary that a notice be given to the property owners by name. It may be addressed generally to the owners of land, designated in a certain manner; as to the owners of land abutting upon a specified part of a designated street. * * * If the notice shows what land is to be affected, it is sufficient if it is addressed 'To whom it may concern,' or to 'all interested.' * * * The notice must, however, give either the name of the property owner or such reference to his property that it may be determined thereby."

The notice was directed to the owners of lots "abutting on or adjacent to" that part of Arbor street between Thirty-second avenue. and Thirty-fifth street. The word "adjacent," in the popular sense thus used, obviously means something in addition to, or different from, "abutting." It may fairly include plaintiff's lot. In construing the word "adjacent," it was said in *Dunker v. City of Des Moines*, 156 Ia. 292: "The word 'adjacent' is, at least, somewhat indefinite. Ordinarily, it means 'to lie near, close, or contiguous.' Webster. Even in its strictest sense it means no more than lying near, close, or contigu-

ous, but not actually touching." This definition is approved in *Hennessy v. Douglas County,* 99 Wis. 129; *Northern P. R. Co. v. Douglas County,* 145 Wis. 288. The conclusion is that the notice in the present case was sufficient to inform plaintiff that her property would be affected by the proposed improvement.

Since plaintiff is bound by the published notice, is she precluded by the finding of the city council that the petition was sufficient? The city charter provides:

"In case no protest is filed within the time hereinbefore provided, the city council shall have the power at any regular or special meeting, without further notice, to find, adjudge and determine by resolution that such petition is regular, legal and sufficient." Rev. St. 1913, sec. 4298.

"In either case, such resolution of determination and adjudication shall be final and binding as the final order, judgment and determination of a court of inferior jurisdiction; and after the passage of such resolution adjudging said petition to be regular, legal and sufficient, no court shall entertain any action for the purpose of attacking the regularity, legality or sufficiency of such petition, except upon appeal as hereinafter provided." Rev. St. 1913, sec. 4299.

Where the statute makes the filing of a proper petition jurisdictional, the finding of the city council that the petition is sufficient is not conclusive, if, in fact, it is defective. *Morse v. City of Omaha,* 67 Neb. 426. In that case, however, it was said: "In the statute under consideration there is an entire absence of any provision tending to make the action of the city council in passing upon the petition final and conclusive."

The present charter of Omaha makes the findings of the council final. The council acted under the statute and sustained the petition. Plaintiff did not appeal. She is therefore bound by the decision, if the statute is valid. A similar provision in the Denver charter was sustained in *Londoner v. City and County of Denver,* 210 U. S. 373, wherein it was said:

"In the exercise of this authority the city council, in the ordinance directing the improvement to be made, adjudged, in. effect, that a proper petition had been filed. * * * The only question for this court is whether the charter provision authorizing such a finding, without notice to the landowners, denies to them due process of law. We think it does not. The proceedings, from the beginning up to and including the passage of the ordinance authorizing the work did not include any assessment, or necessitate any assessment, although they laid the foundation for an assessment, which might or might not subsequently be made. Clearly all this might validly be done without hearing to the landowners, provided a hearing upon the assessment itself is afforded. *Voight v. Detroit*, 184 U. S. 115; *Goodrich v. Detroit*, 184 U. S. 432. The legislature might have authorized the making of improvements by the city council without any petition. If it chose to exact a petition as a security for wise and just action it could, so far as the federal Constitution is concerned, accompany that condition with a provision that the council, with or without notice, should determine finally whether it had been performed."

The invalidity of that part of the city charter authorizing the city council to pass on the sufficiency of a petition for an improvement and making its decision final, unless set aside on appeal, has not been shown. Notice of the filing of the petition for the improvement having been given pursuant to law, the council's adjudication that it was "regular, legal and sufficient," is final. This conclusion makes a discussion of other questions unnecessary and results in the affirmance of the judgment of the district court.

AFFIRMED.

SEDGWICK, J., not sitting.