IN RE ESTATE OF BERTHA F. RAMP

FRANK DAFOE, APPELLANT, V. BELLE BERRY, APPELLEE.

FILED DECEMBER 31, 1924.   No. 22937.

1. **Insane Persons: GUARDIAN: APPOINTMENT: COLLATERAL ATTACK.** When, in a suit brought by one claiming to be the guardian of an insane person by virtue of an appointment made by the county court of Johnson county against one claiming to be guardian of the same person under an appointment made by the county court of Seward county, the form of the petition is such as to call for relief other than the impeachment and revocation of the order of appointment made by the county court of the latter county, the action will be held to be a collateral attack upon the judgment assailed.

2. **Judgment: VALIDITY.** The judgment of a court of general jurisdiction will not be held void merely because every jurisdictional fact does not appear upon the face of the record, provideu the nonexistence of any fact essential to jurisdiction does not appear thereon, and the record discloses facts sufficient to show that a cause of action within the jurisdiction of the court exists.

3. **County Court: JUDGMENTS: CONCLUSIVENESS.** In this state, county courts have exclusive original jurisdiction of guardianship proceedings, and in matters falling within that jurisdiction, their judgments are as conclusive as those of any other court of record.

4. **Insane Persons: GUARDIAN: APPOINTMENT: VALIDITY.** Record reviewed, and it is *held* that the judgment assailed in this proceeding is not void, and this being a collateral attack thereon, the action was properly dismissed.

APPEAL from the district court for Seward county: GEORGE F. CORCORAN, JUDGE.  *Affirmed.*

*L. C. Chapman* and *Charles A. Dafoe,* for appellant.

*Thomas, Vail & Stoner, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN and THOMPSON, JJ.

MORRISSEY, C. J.

In re Estate of Ramp.

This is an appeal from a judgment of the district court for Seward county.

July 5, 1909, an order was made by the proper tribunal of Johnson county under which Bertha F. Ramp was committed to the state hospital for the insane at Lincoln, Nebraska, where she has ever since remained an inmate. December 29, 1918, proceedings were instituted in the county court of Seward county for the appointment of a guardian for Mrs. Ramp. In these proceedings Belle Berry filed a petition in which she alleged: "That Bertha F. Ramp is a resident of the state of Nebraska, and an insane person of the age of 51 years, and for 8 years last past has been and now is an inmate and confined as an insane person in the hospital for insane, at Lincoln, Nebraska; and that petitioner is a sister of said Bertha F. Ramp, and that the sole and only surviving heir of said Bertha F. Ramp is Loyal Ramp, a son of the age of 11 years." It was further alleged that the insane person was the owner of certain property, and that in order to conserve her interests it was necessary that a guardian be appointed to take charge of her estate, etc. Due notice was given of the pendency of this petition, and pursuant thereto, on January 28, 1919, the court found that each of the allegations of the petition were true, and Belle Berry was appointed guardian for the person and estate of the insane person, Bertha F. Ramp. By virtue of such appointment, Belle Berry took possession of the estate of her ward and ever since has held the same.

December 22, 1920, Frank Dafoe filed in the county court of Seward county the petition which is the basis for this suit, in which he pleaded his appointment, by the county court of Johnson county, as guardian of the person and estate of Bertha F. Ramp, insane; set out her commitment to the insane asylum, as heretofore stated; alleged that on June 16, 1919, there was filed with the county court of Johnson county, Nebraska, a petition, "by S. E. Smith, showing that Bertha F. Ramp was a resident of the county of Johnson, state of Nebraska, and is now in the state hospital for the insane at Lincoln, Nebraska, and is an insane person and

mentally incompetent to have the charge of her own person and property;" and that July 8, 1919, in the proceedings mentioned, he was duly appointed guardian of the person and estate of Bertha F. Ramp, insane. Acceptance of the appointment and qualification as guardian are also alleged. The petition specifically pleads that the ward had been a resident of Johnson county since July 5, 1909, "owning and having property therein." This is followed by an allegation reciting the filing in the county court of Seward county of the petition, heretofore mentioned, of Belle Berry, seeking the appointment of a guardian for the insane person in Seward county; the hearing had thereon, and the findings and order made by the county court of Seward county, wherein the court found that Mrs. Ramp was an insane person; that she had been duly served with notice of the hearing in the manner provided by law; that each of the allegations of the petition was true; and that an order appointing Mrs. Berry as guardian of Bertha F. Ramp was made. Let it be noted that in the petition filed by Mrs. Berry praying the appointment of a guardian in Seward county there is no allegation showing the residence of Mrs. Ramp to be in Seward county. The petition alleges that she is a resident of Nebraska, but does not name the county. In plaintiff's petition in this case it is averred that, at the time the proceedings for the appointment of a guardian in Seward county were had, Mrs. Ramp was not a resident in that county, and that she owned no property therein, but was a resident of Johnson county, and owned property therein; and it is alleged that the appointment of Mrs. Berry was null and void. The petition concluded with a prayer: "That the order of the county judge of Seward county be revoked, annulled, and that the appointment of Belle Berry as guardian of Bertha F. Ramp be set aside and that plaintiff have judgment for restitution against defendant, together with costs of this proceeding."

The cause was taken on appeal from the county court to the district court, where it was stipulated that the petition filed in the county court might stand as the petition in

the district court. After the filing and disposition of preliminary pleadings, defendant filed an answer, in which she admitted that proceedings in the matter of a guardianship for Bertha F. Ramp had been had in both Seward county and Johnson county, and that the exhibits disclosing these proceedings, attached to or set out in plaintiff's petition, were true and correct, and denied all other allegations. At the conclusion of the trial, the court found that the insane person, Bertha F. Ramp, at all the dates mentioned in the pleadings, was a resident of Johnson county, as alleged by plaintiff, but found, as a conclusion of law, that plaintiff's petition did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant, and dismissed plaintiff's petition with costs. From this judgment plaintiff has appealed.

Section 1129, Comp. St. 1922, provides: "The county court shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons, and the guardianship of minors, insane persons and idiots."

Section 1577, Comp. St. 1922, provides: "The county court in each county, when it shall appear necessary or convenient, may appoint guardians to minors and others, being inhabitants or residents in the same county, and also to such as shall reside without the state, and have an estate within the same."

The attack upon the proceedings had in the county court of Seward county is in fact based upon the failure of the petition in that proceeding to allege, or the court on hearing to find, that the insane person was a resident of Seward county. As before mentioned, the petition merely stated that Mrs. Ramp was a resident of the state of Nebraska, and it was silent as to the county of her residence and the findings of the court make no specific reference to residence, but find each of the allegations of the petition to be true and correct.

We are first confronted with the question as to whether this proceeding is a collateral or a direct attack upon the judgment of the county court of Seward county.

In re Estate of Ramp.

"The term 'collateral' as used in this connection is opposed to 'direct.' If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a direct attack upon it. Such is a motion or other proceeding to vacate, annul, cancel, or set aside the judgment, or any proceeding to review it in an appellate court, whether by appeal, error, or certiorari, or a bill of review, or, under some circumstances, an action to quiet title. On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral." 23 Cyc. 1063.

From the prayer of the petition, it is evident that, in this proceeding, the first end to be attained is to collect from Mrs. Berry, or her sureties, the funds now in her hands, the property of the ward, and the annulment of her letters of guardianship is a matter of only secondary consequence.

Was the judgment appointing Mrs. Berry guardian in Seward county void because the record failed to show affirmatively that the ward was a resident of that county? If the county court which made the order of appointment was a court of limited or inferior jurisdiction in guardianship matters, the answer, no doubt, would be in the affirmative, for, in such a case, the record should show the existence of all facts necessary to confer jurisdiction. Jurisdictional facts will not be presumed in favor of the judgments of such courts. *Gloor v. Torczon,* 108 Neb. 402. But in courts of general jurisdiction it is not essential that every jurisdictional fact appear upon the face of the record, provided the nonexistence of such fact does not appear. If a petition sets out facts sufficient to show that a cause of action within the general jurisdiction of the court exists, the presumption of jurisdiction is then indulged.

"Courts of probate in America are entitled to the sanction which every court of record holds; they are not to be classed with those tribunals which have no authority beyond special powers for the performance of specific duties,

little or in no wise relating to the general administration of justice, whose modes of proceeding are prescribed by the statute, but are of that class of courts whose judgments, like those of the federal courts, are held good without a recital of the facts upon which they rest." Woerner's American Law of Administration (3d ed.) sec. 143. See, also, sec. 145, same work, and *In re Estate of Kladivo*, 188 Ia. 471. Both by statute (Comp. St. 1922, sec. 1129) and by the repeated decisions of this court (*Beer v. Plant*, 1 Neb. (Unof.) 372; *Scott v. Flowers*, 61 Neb. 620; *Bennett v. Bennett*, 65 Neb. 432; *In re Estate of Creighton*, 91 Neb. 654; and *Foote v. Chittenden*, 106 Neb. 704) the character of the county court as a court of exclusive, original jurisdiction of guardianship and probate matters is firmly established. In matters falling within their jurisdiction, the judgments of probate courts are as conclusive as those of any other court of record, and the same intendments and presumptions will be indulged in their favor. With this rule in mind, it may be said that, although the record does not show upon its face that the insane person was at the time the guardianship proceedings were had, a resident of Seward county, but, failing to show residence elsewhere, the presumption will be indulged that her residence was within that county. This presumption places the judgment in the same light as if the court, on the question of residence, had made a specific finding that her residence was in Seward county. The finding may be erroneous and subject to reversal on appeal, but it will be binding until reversed, or in some proper proceedings overthrown.

It is suggested in the brief of appellee that the county court of Seward county, having assumed jurisdiction and appointed defendant guardian of the person and estate of the insane person, the county court of Johnson county was without power to act, and that the order of appointment of plaintiff by that court is void. However, for the purposes of this case, it is not necessary to look into that question. Holding, as we do, that the appointment of defendant by the county court of Seward county was not void, and

that this proceeding is in the nature of a collateral attack, it follows that the judgment of the trial court is correct, and it is

AFFIRMED.

Note—See Insane Persons, 32 C. J. sec. 267.