## PIPPINGER v STATE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1331.   Decided Jan 7, 1936

Floyd F. Koogler, Dayton, for plaintiff in error.

Nicholas F. Nolan, Pros. Atty., Dayton, and Ralph Gross, Asst. Pros. Atty., Dayton, for defendant in error.

## OPINION

By BODEY, J.

The evidence shows that the defendant was operating an automobile which is included in the definition of "vehicle" by §6290 GC, on a public highway at the time and place in question; that a school bus had stopped at the right hand side of the road for the purpose of discharging school children therefrom; that the patrol boy and two passengers alighted from the bus; that the patrol boy and one of the passengers went around the front of the bus and stopped at the left hand front thereof; that the other passenger after alighting, ran around the rear of the bus and proceeded to cross the highway where he was struck by defendant's automobile; that defendant did not stop his car until after striking this passenger; that defendant's car was not within ten feet of said school bus when the patrol boy and the one passenger had reached the left hand front corner of said bus or when the other passenger had reached the side of the road nearest where the bus was stopped. Do the undisputed facts as herein given render the defendant guilty of a violation of §12604-1 GC?

We quote from 37 O. Jur., §§420 and 421 as follows:

"It is a well settled general rule, recognized by the General Code, that a strict construction is to be accorded to penal statutes * * * It has been declared to be a well established rule of construction that a statute should, if possible, be so construed as to avoid a penalty. Moreover, penal statutes are not to be extended in their operation by inference, implication, or construction beyond the manifest intention of the Legislature. They are not to be extended by implication or construction to persons

or things not within their descriptive terms, even though such cases appear to be of equal atrocity, or within the reason and spirit of the statute, or within the mischief intended to be avoided. It has been declared that only these transactions are included within penal statutes which are within both their spirit and letter. There is also authority in Ohio to the effect that all doubts in the interpretation of the penal statutes are to be resolved in favor of the accused."

Under the provisions of this section it is the duty of the operator of a vehicle, when approaching the front or rear of a school bus which has been stopped outside the limits of a municipality for the purpose of discharging school children, to stop within ten feet of said bus and to remain stationary until the children have alighted therefrom and have reached the nearest adjacent side of the road or highway. If the driver of a vehicle has stopped according to the mandate of this section, he may proceed forward just as soon as the last passenger has reached the nearest adjacent side of the highway. If a vehicle, which has been thus stopped may proceed after the last passenger has reached the nearest adjacent side of the road, then the necessity for the stopping of other vehicles, which have not yet reached a point ten feet from the school bus when the last passenger has reached the nearest adjacent side of the highway, is removed. What is the nearest, adjacent side of the highway? The Supreme Court in the case of **Dixon v Van Sweringen Co., 121 Oh St, 56** at page 68, quotes the following from Hoopes v City of Omaha, 99 Neb. 460, 156 NW, 1047:

"The word 'adjacent' is, at least somewhat indefinite. Ordinarily, it means 'to lie near, close, or contiguous.' Webster. Even in its strictest sense it means no more than lying near, close, or contiguous, but not actually touching."

Under this definition, if the statute did not contain the modifying word, 'nearest', a court might construe the word 'adjacent' as meaning the opposite side of the road or highway. In view of the elasticity of the definition of the word 'adjacent' such a holding might be justified. However, the court may not call the opposite side of a road or highway the 'nearest adjacent' side thereof if it would give meaning to the word 'nearest.' This term designates with certainty the point which school children should be permitted to reach after alight-

ing from a school bus before vehicles, which have been stopped within ten feet thereof, may proceed. It is that side of the road nearest to the stopped school bus, which must necessarily be the right hand side as that side would be designated by a person facing in the direction in which the bus was headed. That the Legislature intended to protect school children alighting from a school bus until they had reached the opposite side of the road may not be read into this statute if the words 'nearest' and 'adjacent' are given their accepted meanings. In our opinion, the act very definitely protects the children until they have reached the side of the road nearest the school bus from which they are alighting and no longer. When they have reached this point they may not expect stopped vehicles to longer remain standing, nor may they expect approaching vehicles to stop within ten feet of the school bus. The Attorney General of Ohio in Opinion No. 4947, released November 29, 1935, has reached a similar conclusion. The court has read this opinion and is in accord therewith.

It is the opinion of the court that the provisions of §12604-1 GC did not require the defendant in this case to stop his automobile within ten feet of this school bus for the reason that all of the passengers who were alighting at the place in question had alighted and had reached the nearest adjacent side of the road before the defendant's car reached a point ten feet from the stopped school bus. That being true, it follows that the defendant is not guilty of a violation of that section. His conviction is, therefore, reversed, his bond is discharged, and he is released. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.