THE STATE OF OHIO, APPELLANT, *v.* ELLIOTT, APPELLEE.

(No. 451—Decided November 26, 1971.)

*Mr. George F. Burkhart,* prosecuting attorney, for appellant.

*Mr. Allan Sherry,* for appellee.

LYNCH, J. The prosecuting attorney is appealing the order of the Common Pleas Court sustaining the demurrer of the defendant to an affidavit charging defendant with collecting and transporting solid waste within the Monroe County solid waste district without first having obtained a license from the board of county commissioners of Monroe County. The issue in this appeal is whether a board of county commissioners possesses the authority under R. C. 343.01 (A) to require licenses for the collection and transportation of solid wastes within a county solid waste district.

R. C. 343.01 provides, in part, as follows:

"(A) * * * The board [of county commissioners] may make, publish, and enforce rules and regulations for the construction, maintenance, protection and use of garbage and refuse collection and disposal facilities. * * *

"(B) No person shall * * * fail or refuse to comply with the rules and regulations prescribed by such board * * *."

R. C. Section 343.99 (A) provides as follows:

"Whoever violates division (B) of section 343.01 of the Revised Code shall be fined not more than one hundred dollars."

Section 2 of the rules and regulations of the Monroe County solid waste disposal district provides as follows:

"No person, firm, corporation or any other entity shall operate a vehicle for the transportation of solid waste or refuse within the district without first obtaining a license to do so from the Board of County Commissioners."

Although it does not appear in the record, the prosecuting attorney argued that Monroe County can only maintain its solid waste disposal district if the collection, transportation and disposal of solid waste is limited to one individual. Apparently, defendant would not have been granted a license by the commissioners if he had applied for such.

R. C. Section 3734.04 provides as follows:

"The board of health of each district shall provide

for the inspection, licensing, and enforcement of sanitary standards for solid waste disposal facilities and sites in conformity with sections 3734.01 to 3734.11, inclusive, of the Revised Code.''

We hold that the board of county commissioners does not have the authority under the provisions of R. C. 343.01 (A), either express or implied, to require licenses for the collection and transportation of solid wastes within a solid waste district.

The fourth paragraph of the syllabus of *Pippinger* v. *State* (Ohio App.), 34 N. E. 2d 63, is as follows:

''Only those transactions are included within penal-statutes which are within both their spirit and letter and doubts in the interpretation of such statutes are to be resolved in favor of accused.''

The third and fourth paragraphs of the syllabus of *Dardas* v. *Bd. of County Commrs.*, 83 Ohio Law Abs. 107, are as follows:

''The powers of the board of county commissioners are strictly limited to those granted them by statute and such powers are administrative, purely, and not legislative.

''The powers granted to the board of county commissioners must be strictly construed and if there be doubt as to the existence of a power, the doubt is resolved against the board.''

*Judgment affirmed.*

O'NEILL, P. J., and JOHNSON, J., concur.