City of Beatrice v. Black.

---

CITY OF BEATRICE v. WILLIAM BLACK ET AL.

[FILED DECEMBER 17, 1889.]

1. **Roads:** PRESCRIPTION. Where a public road has been located by proceedings under the statute and opened and traveled by the public for more than ten years, the public thereby acquire an easement therein, and the court will not examine the original proceedings for the laying out of the road to determine whether or not they were valid.

2. ———: NON-USER OF PART. The fact that a large portion of the travel over a public road, instead of passing over the entire length of such road, turned off and passed over a shorter route to the city, will not prevent the running of the statute in favor of the public of that portion not generally used where there has not been an entire non-user of such road.

APPEAL from the district court for Gage county. Heard below before APPELGET, J.

*L. M. Pemberton*, for the city of Beatrice:

By using the west half of the highway the public retained its rights over the east half, though it did not use the latter for more than five years. (*O'Dea v. State*, 16 Neb., 242; *Moore v. Roberts*, 64 Wis., 538 [25 N. W. Rep., 564]. The road having been used by the public for at least thirteen years, it will be presumed that it had been duly established by the commissioners. (*Langdon v. State*, 23 Neb., 509; *Arnold v. Flattery*, 5 Ohio, 271; *Anderson v. Com'rs*, 12 Ohio St., 635; *Beebe v. Schneidt*, 13 Id., 406; *McClelland v. Miller*, 28 Id., 488.) The evidence shows a complete dedication of the highway, and that the land was sold subject to the same. (*Rathman v. Norenburg*, 21 Neb., 467; *Graham v. Flynn*, Id., 229; *Rube v. Sullivan*, 23 Id., 779 [37 N. W. Rep., 666, and note].

*R. S. Bibb*, for Wm. and C. S. Black:

There must have been a clear manifestation of an intention to dedicate, and an *acceptance* by the public. (*Graham v. Hartnett*, 10 Neb., 521, and cases cited; *Rube v. Sullivan*, 23 Id., 783; *Shellhouse v. State*, 110 Ind., 509 [11 N. E. Rep., 484]; *Rozell v. Andrews*, 103 N. Y., 150 [8 N. E. Rep., 513]; *Quinn v. Anderson*, 11 Pac. Rep. [Cal.], 746; *Pavonia L. Ass'n v. Temfer*, 7 Atl. Rep. [N. J.], 423.) A public road is deemed vacated if not used within five years. (*O'Dea v. State*, 16 Neb., 242.)

*A. H. Babcock*, for C. F. and W. W. Buchanan:

In order to establish a road over private premises by user, the latter must have been with knowledge of the owner, for a period which satisfies the statute of limitations and an acceptance by the public, which latter may be presumed from common use, and the assumption of control and care, such as building bridges. (*Graham v. Hartnett*, 10 Neb., 517; *Rube v. Sullivan*, 23 Id., 779; *Trickey v.*

*Schlader*, 52 Ill., 78; *Gwynun v. Homan*, 15 Ind., 201; *Daniels v. R. Co.*, 35 Ia., 129; *State v. Gould*, 40 Id., 372; *State v. Eisele*, 37 Minn., 256 [33 N. W. Rep., 785]; *Irwin v. Dixion*, 9 How. [U. S.], 10.) And this rule as to user does not apply where the land is wild, uninclosed prairie. (*Graham v. Hartnett, supra; Rathman v. Norenberg*, 21 Id., 467; *Harding v. Jasper*, 14 Cal., 643; *State v. K. C. & C. R. Co.*, 45 Ia., 139.) The public acquires no right over more than the actual width used. (*Watrous v. Southworth*, 5 Conn., 306; *Walker v. Caywood*, 31 N. Y., 51; *Epler v. Niman*, 5 Ind., 459; *Davis v. City Council*, 58 Ia., 889 [10 N. W. Rep., 768].)

MAXWELL, J.

This is an action to enjoin the defendants from obstructing an alleged public road in the city of Beatrice.

It is averred in the petition that "the defendants, Wm. Black and Cochran S. Black, as partners under the name and style of Black Brothers, own lot 32 in Green's subdivision, being a part of the city of Beatrice, Nebraska, and the defendants, Wm. W. Buchanan and Charles F. Buchanan, own lot 1 in block No. 35 of Smith Bros.' addition to said city of Beatrice; that there is a legally established highway running north and south between said two lots, thirty-three feet of which highway is on the west side of said lot 32 in Green's subdivision and thirty-three feet is on the east side of said lot 1 of block 35 in Smith Bros.' addition to the city of Beatrice, Nebraska; that said highway was established long before said Green's subdivision and said Smith's addition were platted and recorded, and have been traveled and used as a public highway for more than ten years last past; that the defendants, Wm. Black and Cochran S. Black, placed a fence across the east half of said highway where it crossed said lot 32 of Green's subdivision and thereby obstructed said highway,

which fence was, on the 1st day of June, 1887, removed by the plaintiff herein, and that part of said highway opened up to the public use, and the nuisance thereby created was abated; that within the last two months said Chas. F. and Wm. W. Buchanan have built and erected a fence across that part of said highway which passes over said lot No. 1 of block 35 of Smith Bros.' addition to said city of Beatrice, and have thereby obstructed said highway and rendered the west half of it impassable by the public, and have thereby created a nuisance under the claim that they own said lot and have a right to close up said highway; that the defendants own the property as above stated, subject to the public easement created by the location and use of said highway as above stated, and by the aforesaid acts have been guilty of obstructing said highway; that the defendants Black and Black, threaten to rebuild the fence across the east half of said highway at the upper and lower ends of said lot 32 where said highway crosses said lot and threatens to close up said highway at said points, and unless restrained by an order of this court, will do so to the detriment of plaintiff and the public generally who travel said highway; that said highway connects and forms a part of Thirteenth street, in said city of Beatrice, and has always been used in connection with said Thirteenth street, and it is only through that that access can be had to Grant street, in said city (which latter street is one of the main streets running east and west through said city of Beatrice), from Thirteenth street, and by closing said highway defendants prevent access to East Grant street from said Thirteenth street, in said city, and the said highway is wholly within the corporate limits of said city of Beatrice."

To this petition William and Cochran Black filed an answer, in which they admit the incorporation of the city; that they are the owners of the real estate described in the petition, and allege that the public road in question has not been used for five years next before the commencement of

the action, and hence has ceased to be a public road.   Chas. F. Buchanan and Wm. W. Buchanan in their answer allege that they hold the title to the property described in the petition only in trust as the administrators of the estate of Job Buchanan, deceased.   They also plead nonuser of the road for five years.

On the trial of the cause the court rendered a decree as follows :

"'This cause came on for hearing upon the petition, the answer of defendants Chas. F. Buchanan and Wm. W. Buchanan, and the evidence, and was submitted to the court, on consideration whereof the court finds that there was no notice given as provided by law, and, therefore, there is no legally laid out road.

"The court finds that that portion of said road lying east of quarter section line has not been used as a public highway for ten years.   The court further finds that that portion of said road lying .west of quarter section line has been used as a public highway for more than ten years last past.   It is therefore ordered, adjudged, and decreed by the court that the injunction be dissolved as to that part of said road lying east of quarter section line, and that injunction be made perpetual as to that part of said road lying west of said quarter section line — a strip two rods wide — and that a peremptory order issue to open said road."

"In 1867 a petition was presented to the county commissioners of Gage county for the location or change of a public road as follows :

"To the Board of County Commissioners, of Gage County, Nebraska, April Session, 1867: Your petitioners, landholders and residents in the said county of Gage, would respectfully represent to your honorable body : That the public interests of the county require that the following changes be made in the territorial road from Nebraska City, Otoe county, via Helena and Vesta, Johnson county,

to Beatrice, Gage county, commencing at the northeast corner of the southwest quarter of section 34, town 4, range 6; thence due north to the center (east and west) of the south line of section 27, same town and range; thence east to the southeast corner of section 27; thence north one-half mile; thence east to the center of section 26, town 4, range 6; thence to or near the southeast corner of the northeast quarter of section 24, town 4, range 6; thence to the bridge on Bear creek; thence to the east line of section 25, town 4, range 6; from thence the most feasible and practicable route to intersect with the above named road." This was duly signed by eleven persons.

In accordance with the prayer of the petition the road as prayed for was duly located and recorded, and has been traveled by the public ever since.

The original town of Beatrice was located on the southeast quarter of section 33, and southwest quarter of section 34, town 4, range 6, the northeast corner of the town plat being at the center of said section 34.

The road so changed and located commenced at the center of said section 34 and ran directly north to the north line of the section, thence east, etc., as shown by the plat. The part of this road in controversy is that which lies immediately north of the center of said section 34.

In 1880, A. L. Green, being the then owner of the west half of the northeast quarter of said section 34, laid it out into an addition to Beatrice and platted it as Green's subdivision. Lot 32 of this subdivision is owned by the defendants, the Blacks. The southwest corner of said lot 32 is located in the center of said section 34, and the road, established as above shown, ran across the west side of said lot 32. Just west of Green's subdivision is Smith Brothers' addition to Beatrice, which was laid out and platted in August, 1883, of which the defendants, Buchanans, own lot 1, in block 35, which lot adjoins said lot 32, owned by the Blacks on the west, and has its southeast corner at the cen-

ter of said section 34. The road or street in question being located directly north from the center of said section 34, and running north on the half section line, ran over these two lots owned by the defendants, Black Bros. and Buchanan Bros. Both lots had been fenced by the defendants, but before the commencement of this action the city had broken down the fence on Black's lot, and thereby opened the road across it, and this action was brought to enjoin them from rebuilding the fence and to require the Buchanans to abate the nuisance made upon said road by the fence around their lot.

The court below seems to have found that no notice of the petition for a road had been given and that therefore the proceedings were void. The road in question was located more than twenty-two years ago and was immediately thereafter opened for travel and has been traveled by the public ever since. In such case the presumption is that notice was duly given. The acquiescence on the part of the owners of the land over which the road was located for so long a period bars them and their grantees from questioning the proceedings by which the road was located. The case resembles that of a party who claims title to real estate by adverse possession where the original title under which he claimed the premises and occupied the property was invalid and would have been set aside in a proper proceeding. After the lapse of ten years, however, objections to such deed cannot be raised because by the acquiescence of the parties claiming an interest in the land the adverse occupant has obtained by lapse of time an estate in fee in the land and the court will not look at the original title except for the purpose of determining the boundaries of the tract. So in the location of a public road. If a petition is duly presented to the proper tribunal praying for a public road from one point to another in the county and such petition is granted and the road located and opened for travel and is used by the public generally, the right in the public will

become complete after ten years and the court will not look
at the original proceedings to determine the validity of the
road but to ascertain the extent of the location. (*Langdon v.
State*, 23 Neb., 509 ; *Rathman v. Norenburg*, 21 Id., 467 ;
*Graham v. Flynn*, Id., 229.)

It is the policy of the law to quiet the right of the pub-
lic in the use of public roads in the same time that an ad-
verse occupant will acquire title to real estate.   This tends
to produce peace and harmony among neighbors and en-
courages the construction of good roads and bridges and
promotes friendship and good-will in every community.
The rule would be different if the action was brought be-
fore the bar of the statute was complete.   It is said, how-
ever, that the travel did not pass over that portion of the
road between the lots in dispute.   On that point the testi-
mony shows that while a larger portion of the travel turned
off near one corner of the lots in question and passed diag-
onally across other real estate to Beatrice, yet the testimony
also shows that there was considerable travel over the road
in question between said lots.   This being the state of the
proof it is clear that there is a valid public road of the
statutory width between the lots in question and that the
city is entitled to have the same opened for travel.

The decree of the district court, therefore, will be modified
to conform to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.