ALBERT E. HILL, APPELLEE, V. WILLIAM F. MCGINNIS ET
AL., APPELLANTS.

FILED MARCH 19, 1902. No. 11,414.

1. **Highway:** PRESCRIPTION: PUBLIC USER: MANIFEST CLAIM OF
   RIGHT. To establish a highway by prescription, there must be
   a continuous user by the public under a claim of right, dis-
   tinctly manifested by some appropriate action on the part of
   the public authorities, for a period equal to that required to
   bar an action for the recovery of title to land. *Lewis v. City of
   Lincoln*, 55 Nebr., 1.

2. **Public Highway:** PRESCRIPTIVE RIGHT. A prescriptive right to a
   strip of land as a public highway can not be acquired by lapse
   of time where the roadway is through the inclosed premises
   of the owner, and the use thereof permissive only, and the
   roadway is changed from time to time to suit the convenience
   of the owner, and no act of control or dominion over it is
   exercised or asserted by the public authorities.

APPEAL from the district court for Lincoln county.
Heard below before GRIMES, J. *Affirmed.*

*H. S. Ridgely,* for appellants.

*Beeler & Muldoon,* contra.

HOLCOMB, J.

Plaintiff, appellee, began an action to restrain the defend-
ants, as county commissioners and road supervisors, from
opening and maintaining a public highway across his
premises as described in his petition. Issues were joined,
and a trial had, resulting in a judgment perpetually enjoin-
ing the defendants from in any way interfering with the
plaintiff in the possession of the real estate over which it is
sought to maintain such highway. Defendants appeal.

Plaintiff, it is conceded, resides on and is the owner of
the real estate described in his petition, over which the
roadway is claimed to exist, and has the same inclosed
with a wire fence, and uses it for farming and pasturage
purposes. The right to maintain a roadway across the

land is based on the following order, made by the county
commissioners: "The petition of residents of Cotton Wood,
Gaslin, Fox Creek, Deer Creek, and Walker precincts to
declare a public highway open by user was taken up and
granted and the said route is hereby a public highway and
open as follows: the route traveled by the public from the
station of Ingham on the B. & M. R. R. section 30 town 9
north range 26 W. northwesterly up Deer creek to the
head of said canon over the divide into the east fork of
Snell canon thence down the east fork of Snell to where it
unites with the main canon connecting at this point with
county road 240." The sole and only question presented
for determination by the record is whether the public has
acquired a prescriptive right to the use of the strip of land,
along which is a traveled road, as a public highway by ad-
verse user for a period beyond the statute of limitations
concerning title to real property. It is contended by the
defendants that by user for more than ten years the public
has acquired an easement over the land for a public road,
and therefore their right to maintain it as such, and de-
stroy the plaintiff's gates and fencing inclosing the same
with his other land; and *Graham v. Hartnett,* 10 Nebr.,
517, *Shaffer v. Stull,* 32 Nebr., 94, and *Rube v. Sullivan,*
23 Nebr., 779, are cited in support of such contention. The
undisputed facts show, we think, more or less travel by the
public across the land, not at the same place, but varying
from four to eight rods at different places, for more than
ten years before the order quoted was made by the county
commissioners. The evidence is also conclusive that at
no time prior to the entry of the order have the authorities
of the county or road district exercised or attempted to
exercise any control or other acts of dominion over the
strip in question used for travel by the public. It is shown
that the plaintiff entered the land as a timber claim in
1889, that he has been in control and possession of it ever
since, and for several years prior to the commencement of
the action had maintained an inclosure around his land,
the traveling public being permitted to gain ingress and

egress through the inclosure and along the traveled way by means of gates constructed for that purpose and for the owner's convenience.  Some little work to make the road more passable had been done by individuals, but never by the public authorities.  It also appears that some tiling belonging to the county was at one time used by the owner to construct a culvert across the road through which to drain surface water.  The owner would make improvements on his land and change the traveled roadway at will, so as not to interfere with his use of the land for the purpose for which occupied.  He did not acquire the legal title from the government until 1899, and could not have done so under the law under which he entered the same until 1897.  Under such circumstances, we think it altogether free from doubt that the public acquired no right by adverse user for the time required for the running of the statute, and that the trial court correctly decided that the injunction should be made perpetual.  In *Engle v. Hunt,* 50 Nebr., 358, it is held: "To establish a highway by prescription there must be a user by the general public under a claim of right, and which is adverse to the occupancy of the owner of the land, of some particular or defined way or track, uninterruptedly, without substantial change, for a period of time necessary to bar an action to recover the land"; and in *Lewis v. City of Lincoln,* 55 Nebr., 1, on the same point, it is stated: "There must be a continuous user by the public under a claim of right, distinctly manifested by some appropriate action on the part of the public authorities, for a period equal to that required to bar an action for the recovery of title to land."  Says the author of that opinion: "The principle to be deduced from the authorities seems to be that a highway may be established by continuous adverse user by the public for a period equal to that required to bar an action for the recovery of title to land; but the use by the public must be under a claim of right distinctly manifested by some appropriate action on the part of the public authorities.  If the use was by the express or implied permission of the owner of the land,

and the public authorities have not improved or repaired it as a highway or exercised any control or dominion over it, a road by prescription is not established,"—citing a number of authorities sustaining the principle thus stated. In *Ward v. Cochran*, 150 U. S., 597, it is said: "A possession not actual, but constructive; not exclusive, but in participation with the owner or others, falls very far short of that kind of adverse possession which deprives the true owner of his title." See, also, *Larwell v. Stevens*, 12 Fed. Rep., 559. *Huffman v. Hall*, 102 Cal., 26, a case in principle the same as the one at bar, holds that, when land has been inclosed by a fence, this would of itself show that the use of it by the public for a way was only permissive and could not be regarded as an adverse user which would set the statute of limitations running. In the case at bar, the user exercised by the public was not adverse to the plaintiff, but in conjunction with his use and possession of the land for farming and grazing purposes. It was not inconsistent, but consistent, with his ownership and control over it. The roadway was changed by him from time to time to suit his convenience, and at no time can it be said from the evidence that he abandoned or surrendered his possession and ownership to the use of the public.

The order appealed from should be, and accordingly is,

AFFIRMED.