ISAAC GEHRIS, ROAD OVERSEER, V. MORRIS FUHRMAN ET AL.

FILED MARCH 18, 1903. No. 12,717.

1. **Public Road**: VACATION: STATUTE. A public road was surveyed and located in 1869, but there was never any public travel along or upon the line of the survey. *Held*, That the road was vacated by the provisions of section 3, chapter 78, of the Compiled Statutes.

2. **Referee**: EVIDENCE: FINDINGS. The findings of a referee examined and *held* to be supported by the evidence.

3. **Highway**: PRESCRIPTION. To establish a highway by prescription there must be a user by the general public under a claim of right, and which is adverse to the occupancy of the owner of the land, of some particular or defined way or track, uninterruptedly, without substantial change, for a period of time necessary to bar an action for the recovery of the land.

ERROR to the district court for Cuming county: GUY T. GRAVES, DISTRICT JUDGE. *Affirmed.*

*Fred D. Hunker* and *Andrew R. Oleson,* for plaintiff in error.

*Milton McLaughlin* and *Thomas M. Franse, contra.*

DUFFIE, C.

February 15, 1869, the legislature passed a special act appointing three commissioners to view, locate, lay out and establish a state road from Blair to West Point by the nearest and best route, specifying, however, certain points where said road should touch. The commissioners

named in the act located the road during the months of June and July of that year. They employed a surveyor, who filed his field notes and a plat of said road in the proper office in Cuming county so far as the road was located in that county. This road is numbered in the plat book "Road No. 1," but is more commonly referred to as the "Blair Road." We understand from the record that the proper authorities of Washington and Dodge counties vacated the road so far as located in these counties some years prior to the commencement of this action, and other parts of the road located in Cuming county have been vacated by the authorities of that county. A resurvey of this road was made in 1876, the surveyor using the field notes of the original survey; and that one or the other of the surveys was incorrect is plainly demonstrated by the fact that the two surveys do not correspond, the distance between the two lines varying from some feet to a number of rods. Another and a later survey, made in 1900, differs from both the earlier ones, it being along the line of travel at the time the survey was made. Previous to the commencement of this action the board of supervisors of Cuming county appropriated the sum of $200 to open and work the road through the lands of the defendant in error, who brought this action to enjoin the road overseer and others joined with him as defendants, and who were subsequently dismissed from the case by order of the court, from entering upon or working the alleged highway across their lands. A temporary injunction was granted by the court, and after numerous motions and demurrers to the pleadings had been settled, issues were finally joined, the answer of the defendant alleging, first, that a highway had been regularly established over the lands of the defendants in error; and, second, claiming the existence of a highway across said lands by use and prescription. By order of the court, Honorable John R. Hays, of Norfolk, was appointed referee in the case to take the evidence and report his findings of fact and conclusions of law. The referee filed his report December 17, 1901, from which we quote the following:

"Second. That in pursuance of an act of the legislature, approved February 15, 1869, entitled 'An act to locate a state road from Blair in Washington county to West Point in Cuming county,' a survey was made and the record of courses and distances of the survey of that portion pertaining to the road in controversy has been preserved in the proper office in Cuming county, Nebraska, but that there is not now and never has been any public travel along or upon the line of said survey.

"Third. That in 1876, by direction of the county commissioners of Cuming county, the then county surveyor made another survey, of which the record of the courses and distances is preserved in the proper office of Cuming county, but the course of which, while in the same general direction of the former survey, does not correspond or coincide with it, but is remote in varying distances from a few feet to approximately twenty-five rods.

"Fourth. That in 1900, by direction of the board of supervisors of Cuming county, the present county surveyor made yet another survey, of which the record of the courses and distances is preserved in the proper office in Cuming county, but the line of which, while in the same general direction of both former surveys, does not coincide with either, but was intended to be, and was, along the line of travel at the time of the survey.

"Fifth. That for several years after the survey made in 1869, the land adjacent to the route surveyed was wild and unenclosed prairie, and along some portions it still so remains, and, where in that condition, public travel has been over a wide section of varying width.

"Sixth. That the orders for surveys so made in 1876 and 1900 were made without petition therefor, and without the consent of the owners of the lands across which the surveys were made, and the orders for such surveys were made without jurisdiction or authority.

"Seventh. That the deviation in the travel from the surveys made, and from former traveled lines did not come from the existence of obstructions, but the travel has

varied from year to year according to the caprice or will of the user.

"Eighth. That previous to eight years ago those whose official duty it has been to improve the public highways, expended no labor or money in the betterment of any portion of the route of either survey, and since eight years ago there has been no such improvement as was intended or did indicate a claim of right adverse to the occupancy of the owners of the land.

"As conclusions of law it is submitted:

"First. That there is now no legally established road along the line of either survey hereinbefore referred to across the town of Sherman, in Cuming county, Nebraska.

"Second. That defendant Isaac Gehris, the road overseer of that portion of the town of Sherman through which the surveys mentioned have been made, and his successors in office, should be perpetually enjoined from establishing, opening or improving a highway along or upon the line of either of the surveys hereinbefore mentioned."

A motion for a further report from the referee was overruled, his report confirmed by the court, and judgment duly entered thereon. The plaintiff in error thereupon filed a motion for a new trial, which, being overruled, the case has been brought to this court for review.

It is earnestly insisted that the evidence does not justify the decree, and for that reason we have examined with more than usual care the evidence reported by the referee. There is some evidence to support the contention of the plaintiff in error that some portions of the road as traveled at the commencement of this action had been used by the public for a length of time sufficient to establish a prescriptive right therein. While this is true, we are entirely satisfied with the report made by the referee. The evidence of many of the witnesses—some called by the plaintiff in error himself—show quite conclusively many changes, not caused by any natural obstructions, varying from two to twenty-five rods between the road as now traveled and the route of travel for many years previous. If the question

were before us as an original proposition, we would be inclined to agree with the referee that "the travel has varied from year to year according to the caprice or. will of the user." The road as originally surveyed and located never having been traveled, must, under the provisions of section 3, chapter 78, of the Compiled Statutes of 1901 (Annotated Statutes, 6006), be deemed vacated, and, no prescriptive right having attached by user for the necessary length of time to that portion of the road now traveled, the rights of the defendants in error to the free use of their land can not be denied.

The findings of the referee and the judgment entered thereon are not without support in the evidence, and should be affirmed, and we so recommend.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.