HANS H. PETERSON, APPELLANT, v. JAMES W. FISHER,
APPELLEE.

FILED FEBRUARY 17, 1904.   No. 13,424.

Highway: COUNTY BOARD: JURISDICTION. If the public has acquired
   no right by prescription or dedication to a way across the land
   of an individual, the court may examine the proceedings by
   which it was attempted to lay out a highway across the same,
   to ascertain whether or not the county board had jurisdiction
   to act, and the lapse of time alone will not supply a jurisdictional
   defect in the proceedings.

APPEAL from the district court for Antelope county:
JOHN F. BOYD, JUDGE.    *Reversed with directions.*

*E. D. Kilbourn,* for appellant.

*S. S. Thornton,* for appellee.

LETTON, C.

This action was brought by the plaintiff to enjoin the defendant as road overseer from entering upon his premises and removing a fence from a portion of the same, where defendant claims that a public road exists, the plaintiff denying the existence of the highway. It appears that, in 1876, a petition was filed with the county board of Antelope county, praying for the location of a road, part of which ran over the land where this dispute arises between sections 11 and 14. This petition was signed by 20 persons, citizens of Antelope county. A notice of the filing of said petition was filed with the county clerk of said county, with a certificate of the posting of the same. On the 5th day of July, 1876, one Amos West was appointed commissioner to view and locate the road as petitioned for. West qualified according to law, and reported favorably upon said road, and, on the 2d day of January, 1877, the report of Amos West as commissioner of said road number 23 was accepted by the county board, and the clerk instructed to notify him to survey and plat the same according to law. Pursuant to these instructions, the commissioner employed a surveyor and chain carriers, laid out the road, and filed his field notes with the county clerk. Section 11 was then open prairie and section 14 was occupied. It is apparent from the testimony that a portion of the road, so located, has been traveled by the public for a great many years, but that the portion of the same lying between sections 11 and 14 has only been traveled, occasionally, for a portion of the distance along the line between said sections. It seems that the road between sections 12 and 13, immediately east of the disputed portion, is quite well traveled, and that the travel westward usually proceeds along the section line between

sections 12 and 13, the greater portion then turning north of the section line about 80 rods, thence going west again, but that a few persons have traveled on west between the south line of section 11 and the north line of section 14 for about three-fourths of a mile, to a point nearly north of the plaintiff's house, where they turned to the south and passed around by the plaintiff's house to the west again. The road between sections 10 and 15 running east of the disputed point is also a well traveled road The plaintiff is the owner of the northwest quarter of section 14 and the southeast quarter of section 11, and lives on the southwest corner of the northwest quarter of section 14. He testifies that there has been no travel along the disputed line because it is all full of gulches, and that two years ago he put up a fence upon the line across the disputed road.

The plaintiff contends that the proceedings by which the county board attempted to establish the road were defective and void for want of a proper petition and notice, and that no public road has ever been opened or used across the premises. The proceedings were had over 25 years ago. After the lapse of so many years, if there had been user by the public for ten years, the presumption would be that the proceedings to establish the road were regular, and the court would not examine the original proceedings for the laying out of the road to determine whether or not they are valid. *City of Beatrice v. Black,* 28 Neb. 263.

The question in this case is, whether the presumption arising from the long lapse of time since the attempted proceedings to lay out a highway, a portion of which is in dispute, is conclusive against the owner of premises over which the public has only occasionally traveled a portion of the disputed highway. In the case of the *City of Beatrice v. Black, supra,* it appeared that the proceedings to lay out the road were defective, and the court say:

"If a petition is duly presented to the proper tribunal praying for a public road from one point to another in

the county, and such petition is granted and the road located and opened for travel and is used by the public generally, the right in the public will become complete after 10 years, and the court will not look at the original proceedings to determine the validity of the road but to ascertain the extent of the location. * * * The rule would be different if the action was brought before the bar of the statute was completed."

In that case the court found that a legal highway existed by reason of the public having acquired an easement in the highway on account of the road being traveled and used by the public generally for over 10 years.

It is not the long period of time that has passed since the defective proceedings were had that renders them sacred from attack, but it is the prescriptive right gained by the public through its use and occupation of the highway for more than the statutory period of limitation. The lack of jurisdiction to act can not be supplied by the lapse of time. It may be that the defective proceedings may be considered by the court as defining the extent of the prescriptive right claimed, but not as a basis of the same. Perhaps the court may look to them to ascertain the extent of the claim of the public, in the same manner as it would have recourse to a deed giving color of title to determine the extent of an adverse possession claimed by an individual under it, but this is not determined. The evidence in this case shows that, while both east and west of the line between sections 11 and 14 the road was freely traveled by the public, yet it further shows that the main line of travel was turned aside on the east line of these sections, was diverted to the north, thence westward across section 11, thence southward after having passed over said section to a continuation of the original line running east and west. The plaintiff testifies that he had a gate at the east line of said section, and that a few persons came through the gate, passed along between the sections, thence southward to his house, but there is no evidence that any public work was ever done upon, or that the public in general

19

ever traveled on, the line between sections 11 and 14, and there is no evidence of travel between these sections for as long a period as 10 years. This being the case, no prescriptive right was acquired by the public as against the owners of the land in said sections, and, since the plaintiff in this case never recognized any right of the public to pass over his premises, it is apparent that, unless the original proceedings were valid, no public highway exists over the land of the plaintiff at the place in dispute. *Gehris v. Fuhrman,* 68 Neb. 325; *Engle v. Hunt,* 50 Neb. 358; *Hill v. McGinnis,* 64 Neb. 187.

The original proceedings were defective in this, that no petition signed by 10 landholders of the vicinity was ever presented to the county board, that there is no proof that any notice was ever posted upon the court house door, or that more than one notice was ever posted anywhere. These were essential prerequisites to the jurisdiction of the county board, and without them its action was a nullity. *Doody v. Vaughn,* 7 Neb. 28. For these reasons the proceedings were of no validity, and by the same the public acquired no rights as against the plaintiff.

Since no highway was legally established over the plaintiff's premises by legal proceedings, and none has been acquired by prescription, he is entitled to an injunction in this case.

We recommend that the cause be reversed and remanded, with directions to the district court to enter a decree in accordance with this opinion.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, this cause is reversed and remanded, with directions to the district court to enter a decree in accordance with this opinion.

                                        JUDGMENT ACCORDINGLY.