MILTON HIDDLESON ET AL., APPELLEES, V. CITY OF GRAND ISLAND ET AL., APPELLEES: E. H. BAKER ET AL., INTERVENERS, APPELLANTS.

FILED MARCH 1, 1927.    No. 25682.

1. **Municipal Corporations:** OBJECTIONS TO PAVING: ACTION OF COUNCIL JUDICIAL. The council of a city of the first class exercises judicial functions when, in conformity with the provisions of section 4084, Comp. St. 1922, it passes upon and determines the sufficiency of objections to paving filed by abutting owners of property in the paving district; and such decision by the council becomes final, if no proceeding is had for its review by the district court.

2. ———: ———: TIME FOR FILING. Objections to paving filed by abutting property owners of a paving district in cities of the first class, to be effective to prevent the paving, must be filed within the time limited by section 4084, Comp. St. 1922.

3. ———: ———. Under the provisions of section 4084, Comp. St. 1922, where a city council has passed an ordinance creating a paving district and given notice to the property owners, as therein required, and, within the time prescribed by statute,

"the owners of the record title representing a majority of the abutting property owners" in the district file objections to the paving, the right of the council to thereafter proceed with the paving is extinguished, and it then becomes the duty of the council to repeal the ordinance creating the district. However, under such circumstances, when it is determined that the objections are sufficient to prevent the paving, the paving district, for all practical purposes, ceases to legally exist, regardless of the fact that the ordinance, attempting to create the district, is not formally repealed.

4. ———: STATUTE RELATING TO PAVING: "FORTHWITH" CONSTRUED. The word "forthwith," in section 4084, Comp. St. 1922, is used in an elastic sense, and means as expeditiously as, under all the circumstances, is reasonably prudent and convenient.

5. ———: CREATION OF PAVING DISTRICT: EFFECT OF DELAY. Where the city council of a city of the first class has, in accordance with the provisions of section 4084, Comp. St. 1922, created a paving district by the passage of a proper ordinance and given notice therein prescribed, and no sufficient objection to the paving has been filed, mere failure of the council to proceed with the paving of the district for a period of years will operate neither to repeal the ordinance creating the district, nor to destroy the right of the council to subsequently proceed with the paving.

6. Statutes: AMENDMENTS. "Where, by amendment and repeal, the words of a former statute or section of a statute are changed in some respects, but it is intended that the statute shall continue to operate, it is not strictly a repeal, but a continuation of the former law as amended." *Morgan v. City of Falls City*, 103 Neb. 795.

APPEAL from the district court for Hall county: BAYARD H. PAINE, JUDGE. *Affirmed as modified.*

*Prince & Prince*, for appellants.

*Benjamin J. Cunningham, Paul C. Holmberg* and *Albert S. Johnston, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

Plaintiffs, who are resident taxpayers of the city of Grand Island, brought this action, to enjoin that city and

its officials from carrying out an alleged contract for the paving of the streets in paving district No. 59 within the city, and to enjoin the city and its officials from ever paving said district.

The grounds alleged for the injunction were that district No. 59 was never lawfully created; that by reason of the city council's failure to forthwith proceed with the paving, as provided by section 4084, Comp. St. 1922, the ordinance creating the district became null and void and the district ceased to have a legal existence; and that the contract for the paving was not legally let because it was not concurred in by a majority of the members of the city council. The city answered, setting forth reasons why the paving had not been proceeded with promptly after the passage of the ordinance creating the district, and denied the other allegations of the petition. Certain owners of real estate within the district sought and obtained leave to intervene, and they also resisted the application for the injunction upon substantially the same grounds as did the city, but further asked for a mandatory injunction requiring the council to proceed and pave the streets within the district.

The trial court found that the district was legally created, but that it had ceased to have a legal existence because of the failure of the council to promptly proceed with the paving after the creation of the district, and perpetually enjoined the city and its officials from ever paving the streets within the district. Interveners alone appeal.

In this court interveners concede that the contract attempted to be let by the council for paving the district was invalid, because it was not concurred in by the vote of a majority of the council. The city of Grand Island is a city of the first class, having a population of more than 5,000 and less than 25,000. It has a council, consisting of eight members and a mayor. The vote of the council for letting the contract in question was four for and four against, and the mayor assumed and exercised the right to cast the deciding vote. It is conceded by both parties that the concurrence of a majority of the members of the council is

required, and that where the council is evenly divided the mayor is not empowered to cast a deciding vote.

Interveners contend, however, that the court erred in holding that the district no longer has a legal existence, and that the injunction is too broad, in that it forever enjoins the paving of the streets within the district. We will first determine the question as to the legal creation and present existence of the district.

In September, 1923, the council of Grand Island passed an ordinance creating paving district No. 59. Section 4084, Comp. St. 1922, then in force and applicable, provided, *inter alia*: "The mayor and council shall first, by ordinance, create a paving district or districts. The mayor and clerk shall, after the passage, approval and publication of such ordinance, publish notice of the creation of any district or districts * * * for not less than twenty days in a daily or weekly newspaper. * * * If the owners of the record title representing a majority of the abutting property owners in a district shall file with the city clerk within twenty days from the first publication of said notice written objections to the paving, * * * said work shall not be done in said district under said ordinance, but said ordinance shall be repealed. If said objections be not filed against any district in the time and manner aforesaid, the mayor and council shall forthwith proceed to construct such paving."

The mayor and clerk, within the time prescribed, published notice of the creation of the district, and within 20 days objections were filed by property owners. The council, after referring the matter to an appropriate committee, caused an investigation to be made, and ascertained and determined that the objections were not signed by "the owners of the record title representing a majority of the abutting property owners" in the district. This required the council to exercise a judicial function in determining a question of fact, and from which error might have been prosecuted, as provided by section 9127, Comp. St. 1922. No attempt was made to review the decision of the council. Its decision, as to the sufficiency of the objections, therefore, be-

came final. Later, and after the expiration of the 20 days, other objections, signed by, possibly, a majority of the abutting property owners, were filed, but not within the time allowed by law, and were, therefore, ineffectual to affect the right of the council to proceed with the paving, or to require the repeal of the ordinance creating the district.

Plaintiffs urge, however, that the district was not legally created, because it embraced within its limits former paving district No. 53, which had been created by an ordinance of the city council. The council had previously undertaken to create paving district No. 53 by the passage of an ordinance for that purpose. Upon notice being given, as provided by statute, objections were filed which the city council found were sufficient to comply with the statute. Thereupon the right of the council to proceed with paving in district No. 53 was extinguished. The council should have formally repealed the ordinance creating district No. 53. This, however, was not done. We do not deem the failure of the council to formally repeal the ordinance as having any effect. The fact that the council, upon investigation. found and determined that the objections were sufficient would effectually prevent the paving of the district, and it was then the duty of the council to repeal the ordinance. Under the statute, the council had no other duty in the matter than to pass a repealing ordinance. Under such circumstances, district No. 53, for all practical purposes, ceased to legally exist, regardless of the fact that the ordinance creating district No. 53 was not formally repealed. It was within the power of the council to create a new district, which included the territory described in the ordinance attempting to create No. 53.

It is most strenuously urged that because of its failure to forthwith proceed to construct the paving the council has lost the power so to do, and that the district has, in fact, ceased to legally exist. District No. 59 was created in 1923, and no attempt was made by the council to pave the streets therein for more than two years, notwithstanding that the

statute says that the council "shall forthwith proceed to construct such paving." What is the meaning of the clause, "shall forthwith proceed," etc., and what is the effect of the failure of the council to so proceed?

The term "forthwith" has been construed in a multitude of cases and various meanings have been assigned, according to the circumstances and subject-matter to which it referred. A collection of authorities, defining the term under varying conditions and circumstances in which it was used, may be found in 26 C. J. 997 *et seq.* The term is a relative one and an elastic expression. In some connections it may mean "immediately" or "without delay;" in others it means "as soon as reasonable under all the circumstances," or "as soon as is reasonably convenient." To determine the meaning that should be applied to the term, as used in the statute, regard must be had for the nature of the thing to be done, and whether it is practicable to be done without any delay.

It is apparent that, before paving could be done, after the council had determined that the objections to the paving were insufficient, it was necessary to advertise for bids and also to give to the property owners a period of 10 days within which they might designate the kind of paving materials to be used. This would take considerable time, and the season when severely cold weather might be reasonably expected was approaching. It is a matter of common knowledge that street paving is usually laid upon a concrete base, and that the pouring of concrete in severely cold weather is undesirable, because it may freeze and be rendered worthless. It is likewise a matter of common knowledge, of which this court will take judicial notice, that freezing and sub-zero weather frequently occurs in the winter season in this latitude. Had the council proceeded immediately with the paving it would have been midwinter before the concrete base could have been laid. It would have been a hazardous undertaking and might have proved a costly experiment for the city. No prudent person, acting for himself, would proceed with such an undertaking under the

Hiddleson v. City of Grand Island.

circumstances. We must conclude that the legislature did not intend that the council should act in an unreasonable and imprudent manner. It seems apparent, therefore, that the legislature intended the term "forthwith" to be used in an elastic sense and that it meant that the council should proceed as expeditiously as under all the circumstances it was reasonably prudent and convenient so to do. If this be the correct interpretation of the term, then we must further inquire and determine whether the council has unduly delayed performing the duty enjoined upon it by statute, and, if so, what effect has such failure upon the existence of the district, or upon the right of the council to hereafter proceed with the paving.

It appears that when the spring of 1924 arrived a large number of the property owners within the district petitioned the council to postpone paving the district until 1925. Apparently, the council acceded to the request of the petitioners. When the spring of 1925 arrived, another petition was presented, asking that the paving be deferred until 1926, because of the then financial conditions prevailing in Grand Island and vicinity, which, the petitioners claimed, made it inadvisable to then proceed with the paving. This petition seems likewise to have been heeded by the council, and the matter went over until 1926, when a third petition was filed by the property owners, including the plaintiffs, requesting the council to refrain from paving the district at any time.

It is possible that there may have been an unreasonable delay on the part of the council, but it does not lie in the mouths of the plaintiffs to complain thereof, when they have expressly petitioned for it. It may be that the council was justified in so deferring the paving. We are not prepared to say that the council was not justified in refusing or neglecting to pave, when a majority of the owners of the property in the district, who would be benefited by the paving and who would have to bear the principal cost thereof, were requesting that the paving be delayed for a time.

The failure to pave during this period, in our judgment,

could not operate to invalidate the ordinance creating the district. The district is still in existence and it is still within the power of the council to pave at a future date, and, if there is no good reason for further delay, the council should proceed to advertise for bids and to pave the district as directed by the statute, unless the council, in its wisdom, should see fit to repeal the ordinance creating the district. Without deciding the question, we assume that it is within the discretion of the council to repeal the ordinance which created the district, but, unless the council has the right to and does repeal the ordinance, then it should proceed, as expeditiously as circumstances and prudence will permit, to advertise for bids and construct the paving, as provided by statute.

Counsel for plaintiffs urge that district No. 59 no longer has a legal existence, because section 4084, Comp. St. 1922, under which it was organized, has been repealed. In 1925 the legislature amended the section and repealed the section as originally existing. The section, as amended, however, reenacted all the provisions which are called in question in this case. It is a well recognized rule that, "Where, by amendment and repeal, the words of a former statute or section of a statute are changed in some respects, but it is intended that the statute shall continue to operate, it is not strictly a repeal, but a continuation of the former law as amended." *Morgan v. City of Falls City,* 103 Neb. 795. Plaintiffs' contention in that respect is without merit.

This brings us to the last contention of the interveners: That they are entitled to a mandatory injunction to require the city council to forthwith proceed with the paving. It appears that the council was so proceeding, because it had advertised for bids and attempted to let a contract. It does not appear that the four members of the city council who voted against letting the contract were doing so to evade their duty. For aught that appears, they may have been actuated by proper motives and pursuant to the last clause of section 4084, Comp. St. 1922, which is: *"Provided,* the mayor and council may, in any event, at its option

reject all bids and readvertise if, in its judgment, the public interest require." The four members who voted against letting the contract may have deemed that the contract was not for the public interest.

Under the circumstances shown by the record, we think that the interveners are not entitled to a mandatory injunction. This decision, however, is without prejudice to the right of interveners to hereafter institute appropriate legal proceedings to enforce action by the council should it fail to perform the duties imposed by the statute.

From what has been said, it follows that the judgment of the district court is erroneous in that it perpetually enjoins paving in the district. The judgment is hereby modified so as to enjoin only the paving under the present contract; the city and its officials to be free to again advertise for bids and proceed with paving in accordance with this opinion.

AFFIRMED AS MODIFIED.