STATE EX REL. CHARLES E. WEINBERGER, APPELLANT, V.
JAMES T. GORMLEY ET AL., APPELLEES.

51 N. W. 2d 343

Filed February 1, 1952. No. 33083.

*M. J. Buckley,* and *Wagner & Wagner,* for appellant.

*Lanigan & Ondracek,* and *P. J. Barrett,* for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant sought a writ of mandamus to require the county commissioners of Greeley County, appellees, to construct a suitable bridge as a part of an alleged section line public highway of that county at the location where it is intersected by Mud Creek, and to put the highway in an appropriate condition for travel by the general public.

The basis of the relief asked, as stated by appellant, was that: He was the owner of the northwest quarter and the northeast quarter of the northeast quarter of Section 24, Township 20 North, Range 9 West of the 6th P. M., Greeley County. A public highway had been established on and along the section line between Section 24 and Section 13 by proceedings had by the county and by user. A watercourse or draw extended across the highway near the northeast corner of the northwest quarter of Section 24, over which the county constructed and maintained a bridge. About 1941 the bridge was destroyed by floodwaters passing down the watercourse. There has been no bridge there since, but one had been requested by appellant and refused by appellees. There had been considerable travel of the highway before the loss of the bridge, and persons living east and west of the highway between these sections suffered inconvenience and the value of their real estate had been reduced because of their inability to travel the highway. The land of appellant was farmed as a unit. The farmstead was on the northwest quarter of Section 24, west of the watercourse, and near the north line. The 40-acre tract was east thereof. The schoolhouse available to persons living on the land of appellant was near the southeast corner of Section 24. The absence of a bridge across the watercourse prevented direct travel between the two tracts of land of appellant, increased the cost of the farming operations, and lengthened the distance necessarily traveled between the farmstead and the schoolhouse by a distance of one mile.

The answer of appellees to the petition of appellant and the alternative writ of mandamus was an admission that appellant owned the parts of Section 24 as he alleged, and that appellees were the county commissioners of Greeley County; a denial of all other statements therein, and allegations that no highway was ever established by the county between Sections 13 and 24 or by user or prescription; that there were highways estab-

lished and properly maintained along the west, south, and east of the lands of appellant; that there was an adequate way of travel to and from the buildings on the land to the north and south of the section line between the sections in question; that there is neither need nor demand for a road between the sections; that the cost and expense of constructing and maintaining such a road would be disproportionate to any purpose served by it and would be an unwarranted expenditure of public funds; and that the county commissioners were clothed with and were required to exercise discretion in the matter of improving and maintaining a road for the county or building a bridge as a part thereof.

The substance of the reply was a denial of the new matter contained in the answer.

The trial of the case eventuated in a finding generally for appellees and against appellant, and a judgment of dismissal. The motion for a new trial was denied and this appeal resulted.

The trial court resolved the issues of the case and all conflicts in the competent evidence favorable to appellees. This court may not disturb any finding of fact made by the district court that is sustained by evidence. It has long been considered in this jurisdiction that: "Findings of fact in a mandamus proceeding, based on conflicting evidence, will not be disturbed on appeal unless clearly wrong." State ex rel. Heil v. Jakubowski, 151 Neb. 471, 38 N. W. 2d 26.

There is no attempt to prove that the county instituted or conducted any proceedings to establish or open a highway between the sections of land referred to in this case. It is conceded that appellant relies upon the establishment of a highway at the location in question by user. The appellant to maintain the position adopted by him had the burden of showing a continuous adverse user by the public of the location in question for a period equal to that required to bar an action for recovery of title to land, and that the use by the public

was under a claim of right manifested by some appropriate action on the part of the public authorities. In Gehris v. Fuhrman, 68 Neb. 325, 94 N. W. 133, it is said: "To establish a highway by prescription there must be a user by the general public under a claim of right, and which is adverse to the occupancy of the owner of the land, of some particular or defined way or track, uninterruptedly, without substantial change, for a period of time necessary to bar an action for the recovery of the land." See, also, Hill v. McGinnis, 64 Neb. 187, 89 N. W. 783; State ex rel. Draper v. Freese, 147 Neb. 147, 22 N. W. 2d 556.

There is evidence that in 1918 there was a bridge across Mud Creek where it intersected the section line between Sections 13 and 24, Township 20, Range 9, Greeley County; that there were tracks indicating that some travel had passed along the area near the section line but no evidence that any grading or any other thing had been done to designate or improve it as a highway. It was not shown who constructed the bridge. There was no bridge at this location from 1920 for a period of at least ten years, and there was no general use of the area for travel along or near the section line from 1920 to 1944. There was not much travel on or near the section line except during pheasant hunting. In the period from 1930 to 1934, a bridge and a culvert were put in for crossing Mud Creek. They were each washed out by the water passing down the creek. There was no proof that the county authorized the construction of either of them. The last bridge at that location was destroyed by floodwaters in 1935. There was no defined, graded, or improved road on or along the section line except from the west to the driveway into the farmstead on the northwest quarter of Section 24. A road grader of the county was used on or near the section line from Mud Creek east to the northeast corner of the northwest quarter of Section 24 in 1946 at the direction of James T. Gormley. This was done at the request of and as an accommodation for appellant, and not

because there was a county road there. Gormley instructed the operator to make two rounds with the grader. There is no showing that the county knew, authorized, or ratified what Gormley did in this regard. There was no need or general demand for a highway between the sections or for a bridge as a part of the highway. No one was demanding a road or a bridge but appellant. The county board, when request for a bridge across Mud Creek at the section line was received by it, made an inspection and investigation and determined there was no reason for a bridge or road between the sections in question; that to construct a bridge there would be a waste of tax money; and that for a bridge at that location to be useful would require grading, fills, and "culverts would have to be installed" to the east thereof to the northeast corner of Section 24, a distance of about three-quarters of a mile. The county board determined that there was no public need or demand for either a bridge or a road at that location.

The conclusion of the district court was right. There is substantial evidence that there was not a user by the general public under claim of right adverse to the occupancy of the owner of the land of some particular or defined way or track uninterruptedly for a period of ten years, and that the county board properly exercised the discretion vested in it in reference to the matters involved.

The judgment of the district court should be, and it is, affirmed.

AFFIRMED.