GEORGE H. BRASIER, APPELLANT, v. CITY OF LINCOLN, NEBRASKA, ET AL., APPELLEES.

65 N. W. 2d 213

Filed June 25, 1954. No. 33546.

*Herbert W. Baird,* for appellant.

*John H. Comstock* and *Jack M. Pace,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action in equity brought in the district court for Lancaster County by George H. Brasier, plain-

tiff, against the city of Lincoln, the mayor, and the members of the city council, defendants, the purpose of the action being to enjoin the defendants and each of them from repealing city ordinance No. 5337, and that the court issue an alternative writ of mandamus directing the defendants to forthwith proceed to construct or have constructed a water main in conformity with ordinance No. 5337 which created water district No. 313. The trial court decreed that the alternative writ of mandamus which was issued be dissolved; that the plaintiff's petition be dismissed with prejudice; and that judgment be entered in favor of the defendants, plaintiff to pay the costs. The plaintiff's motion for new trial was overruled. From the order overruling the motion for new trial, the plaintiff appeals.

The record shows that the plaintiff owned real estate in the city of Lincoln which he purchased in May or June of 1952. This real estate is described as being 510 feet in length and 50 feet in width, bounded on the west by Twelfth Street, on the east, north, and south by public alleys, being Lot 15, Block 1, Cahn, Metcalf, and Farwell's Subdivision of the city of Lincoln. The plaintiff described this property as an isolated piece of property. Its peculiar shape is apparently the result of the failure of two subdivisions to properly coincide. The plaintiff sought to develop this property for the purpose of having a "mobile home subdivision," which was to be set out in lots, and which he proposed to rent on a yearly basis. This type of home requires no foundation or concrete construction. In order to properly operate such an enterprise, water, sewerage, and electric services are the physical improvements that go with the installation of such units. Plats were made by engineers employed by the plaintiff to assist in the preparation of the land for the purpose to which he proposed to use it, and the premises were cleaned up for that purpose.

The council record shows that on August 4, 1952, the plaintiff petitioned the city council to create a water

district and to construct a water main to serve his property. On September 2, 1952, ordinance No. 5337 creating water district No. 313 was adopted by the city council. The ordinance provides as follows: "BE IT ORDAINED by the City Council of the City of Lincoln, Nebraska: Section 1. That Water District No. 313 be and the same is hereby created; that said water district is created for the purpose of constructing a water main or water mains to supply water for domestic and fire purposes, for the following described real estate, which is hereby included in said water district, to-wit: Lots 2 and 3 in Block 18, Riverside Addition; Lot 15 in Block 1, Cahn, Metcalf and Farwell's Subdivision. The cost of constructing said water mains, including the cost of fire plugs, valves, and all other expenses incidental to said improvement, shall be assessed against the property benefited in said district, not exceeding the special benefits accruing on account thereof." There is an affidavit of publication of the ordinance dated September 4, 1952, in the record.

The plaintiff, from an examination of the records of the city council, ascertained that no objections had been filed by property owners to the adoption of ordinance No. 5337.

The record of the city council for September 22, 1952, shows a request addressed to the city council that a paving district be created in Holdrege Street from Twelfth Street to and across Thirteenth Street, described as 16-foot alley-type paving, to be assessed against the properties of the plaintiff and the other property owners. Ordinance No. 5353 was passed by the city council and adopted on September 22, 1952, creating paving district No. 252, which includes all of that portion of the east and west alley lying north of and adjacent to Lot 15, Block 1, Cahn, Metcalf and Farwell's Subdivision, which is included between the east curb line of Twelfth Street and the east line of Eva Place extended south, and Lots 1, 2, and 3 in Block 18,

Riverside Addition, and the west 210 feet of Lot 15, Block 1, Cahn, Metcalf and Farwell's Subdivision, to be 16 feet in width.

On October 6, 1952, the Spartan Enterprises, a partnership consisting of the plaintiff and another person, petitioned the city council to pave in paving district No. 252, and charge its property with the cost by special assessment.

On or about November 19, 1952, there was a plan and profile of water district No. 313 prepared by the city engineer's office which did not become a part of the records of such office. It was merely a plan to be presented to the city council for its consideration. The plaintiff saw this plan. However, the plan was not approved or put into effect.

On April 15, 1953, the plaintiff inquired of the city engineer's office concerning the water main to be laid. He testified that the city engineer's office reacted favorably and informed him that possibly the city would go ahead and install the water main. A few days later, in a letter dated April 18, 1953, the deputy city engineer informed the plaintiff that he had taken up with his superiors the matter of constructing the water main in Thirteenth Street from Court Street south to the alley; that it was the present opinion of his superiors that the necessary water service to the plaintiff's property could be better secured by the plaintiff constructing, at his own expense, his own water service line from Court Street south to his property; that a city water main in the plaintiff's location was not needed; and that any further discussion about the matter should be had with the city engineer.

The plaintiff testified that prior to receiving the letter from the deputy engineer's office, he relied on the ordinance creating water district No. 313 and commenced to improve his property for the purpose of installing a mobile home subdivision.

By stipulation appearing in the record it was stipu-

lated that the plaintiff made a request for the creation of a water district about July 15, 1952; that at that time the deputy city engineer assured the plaintiff that a water district would be formulated by the usual procedure; that the plaintiff, relying upon this assurance proceeded to improve his property in the matter of cutting down the elevations and filling up the depressions; that between July 25, 1952, and August 19, 1952, the plaintiff moved about 150 cubic yards of earth in connection with the improvement by the use of rented machinery at a cost of $45.05, and also for surveying and drafting in connection with the improvement he expended the sum of $33.50; that the plaintiff himself performed the labor involved; that between September 9, 1952, and July 7, 1953, after the enactment of the ordinance creating the water district, the plaintiff moved about 100 cubic yards of earth in connection with the said improvement by rented machinery at a cost of $26; and that these items of expense were incurred by the plaintiff upon the faith and reliance of city ordinance No. 5337 creating water district No. 313 and in conformity thereto.

After receiving the letter from the deputy city engineer, the plaintiff made demands upon the city council to order the construction of water district No. 313 in conformity with ordinance No. 5337. Appearances were made before the council for that purpose. On September 8, 1953, the city council, by ordinance No. 5600, adopted on that date, repealed ordinance No. 5337 creating water district No. 313.

It appears from the record that the improved property in the vicinity of this water district created by ordinance was served either directly from a city main or by private line connected thereto. It also appears that there were sufficient fire hydrants in the area which were adequate for fire protection. The plaintiff was never denied the right to connect with the city water main, and the city council stood ready at all times to

grant him the privilege to do so. It also appears from the record that a great deal of the work done by the plaintiff to improve his property was done prior to the time the ordinance creating the water district was adopted, and a part of it was done after the plaintiff had received the letter from the deputy city engineer to the effect that it was not feasible to create the water district under the circumstances. This indicates that the plaintiff did not act to his detriment in reliance upon the conduct of the defendants.

From the record it appears that the plaintiff, about the time he requested the water service and paving, petitioned the city for a special permit to construct and operate mobile home units on his property. The council referred the matter to the zoning board. On August 11, 1952, the zoning board recommended that the plaintiff's application for such permit be denied. The city council denied the application. There was no appeal taken from the decision of the city council. This property was zoned for residence "A" building. At the time of trial the plaintiff testified that he still intended to use the property for a mobile home subdivision, which apparently means that he was not going to construct residential property on his property as required by the zoning ordinance, or request a building permit for such purpose.

On September 8, 1953, the date ordinance No. 5600 was adopted which repealed ordinance No. 5337 creating water district No. 313, the instant case was commenced, apparently prior to the adoption of ordinance No. 5600.

The plaintiff assigns as error that: (1) The trial court erred in dissolving the alternative writ of mandamus and dismissing plaintiff's petition. (2) The trial court erred in failing to find the attempted repeal of ordinance No. 5337 was in excess of the powers of the city council. (3) The trial court erred in failing to issue a peremptory writ of mandamus compelling the defendants to make the improvement in water district No. 313 in

conformity to ordinance No. 5337. (4) The trial court erred in ignoring the vested constitutional rights of the plaintiff in the continued existence of water district No. 313. (5) The trial court erred in overruling plaintiff's motion for a new trial.

Section 2 of Article VI of the home rule charter of the city of Lincoln provides in part: "The city council shall have power to create water districts for the purpose of supplying water for domestic, industrial or fire purposes, or for any one or more of said purposes, or for the purpose of enlarging any water mains now existing or hereafter constructed. All such districts, to be known as 'water districts,' shall be created by ordinance and shall designate the property in the district to be benefited. Upon the creation of any water district, the city council shall have power to construct or cause to be constructed, either by contract with the lowest responsible bidder or directly by the city, such water main or mains, or extensions or enlargements, including all necessary appliances for fire protection, within such districts as the council shall determine, and assess the costs thereof against the property in such district, not exceeding the special benefits accruing on account thereof * * *."

When a water district is created as above provided for, then section 19 of Article IV of the home rule charter of the city governs the city council's procedure. It provides: "Before the city council shall enter into any contract or authorize any expenditures involving over $500.00, they shall cause to be made and filed an estimate of the total cost thereof, together with detailed plans and specifications, which, if approved by the city council, shall be kept subject to public inspection and the work or improvement shall be done substantially in accordance therewith. No contract shall be entered for a price exceeding such estimate, and the city council shall, except in cases of emergency, advertise for bids and cause the amount of such estimate to be published therein."

The city council did nothing more than to create a water district, and subsequently, by ordinance, repealed the ordinance creating the water district. From a reading of the above articles and sections of the home rule charter of the city of Lincoln it is apparent that before the city council can legally commence to construct a water district the steps as set forth in section 19 of Article IV of the city charter must occur in sequence. The question arises, did the city council, in repealing ordinance No. 5337 creating the water district, violate any contractual and vested rights as claimed for by the plaintiff, or whether the city council, in the exercise of its discretion, could legally repeal the ordinance creating the water district.

The case of Hiddleson v. City of Grand Island, 115 Neb. 287, 212 N. W. 619, is applicable. In that case the city of Grand Island, by ordinance, created a paving district and after more than 2 years had taken no steps towards the laying of the pavement. A mandatory injunction was sought to require the city council to proceed with the paving in conformity with the ordinance creating the paving district. At that time section 4084, Comp. St. 1922, was in force. It provided in part: "The mayor and council shall first, by ordinance, create a paving district or districts. * * * If the owners of the record title representing a majority of the abutting property owners in the district shall file with the city clerk within twenty days * * * written objections to the paving * * * said work shall not be done in said district under said ordinance, * * *. If said objections be not filed against any district in the time and manner aforesaid, the mayor and council shall forthwith proceed to construct such paving, * * *."

The section of the statute above referred to has on occasions been amended by the Legislature. It is now referred to as section 16-620, R. S. Supp., 1953. The applicable language appearing therein, as it applies to cases such as Hiddleson v. City of Grand Island, *supra,*

has not been substantially changed to effect any different meaning.

It has long been the rule that if the words used in a legislative act had, at the time used, received a settled construction, we must presume that the Legislature adopted them in that sense. See Franzen v. Blakley, 155 Neb. 621, 52 N. W. 2d 833.

In Hiddleson v. City of Grand Island, *supra,* the court said: "The failure to pave during this period, in our judgment, could not operate to invalidate the ordinance creating the district. The district is still in existence and it is still within the power of the council to pave at a future date, and, if there is no good reason for further delay, the council should proceed to advertise for bids and to pave the district as directed by the statute, unless the council, in its wisdom, should see fit to repeal the ordinance creating the district. Without deciding the questions, we assume that it is within the discretion of the council to repeal the ordinance which created the district, but, unless the council has the right to and does repeal the ordinance, then it should proceed, as expeditiously as circumstances and prudence will permit, to advertise for bids and construct the paving, as provided by statute."

It will be noted that in Article VI, section 2, of the home rule charter of the city of Lincoln the language used therein is as follows: "Upon the creation of any water district, the city council shall have power to construct or cause to be constructed," and then it states the method of construction, "within such districts as the council shall determine." In Hiddleson v. City of Grand Island, *supra,* the statute provided that the council "shall forthwith proceed to construct such paving."

It appears from the foregoing that the home rule charter of the city of Lincoln in creating a water district requires a step which is a condition precedent before other steps can be taken for the purpose of constructing a water district as provided for by the articles and sections of the

home rule charter cited above. We conclude that the case of Hiddleson v. City of Grand Island, *supra,* is in point in determining that the city council had the discretionary power to repeal the city ordinance creating water district No. 313.

In 6 McQuillin, Municipal Corporations (3d ed.), § 21.17, p. 199, it is said: "Street and other improvement ordinances, and indeed all ordinances involving the creation of contracts or rights thereunder, may be repealed under like conditions and restrictions as other municipal legislation, provided that the repeal does not invade property rights or destroy vested interests or impair the obligation of contracts."

The plaintiff contends that a proposition or offer made to the proper corporate authorities and an acceptance of the terms thereof by an ordinance constitutes a contract, and that an ordinance passed by the governing body of a municipality granting a right, if accepted and acted upon by the grantee, becomes an irrevocable contract, citing Winklebleck v. City of Portland, 147 Or. 226, 31 P. 2d 637; 10 McQuillin, Municipal Corporations (3d ed.), § 29.03, p. 163. In addition, the plaintiff contends that a legislative grant, right, or privilege made by ordinance through a municipal corporation duly authorized to act, and accepted and acted upon by the grantee constitutes a contract and creates a vested right in the grantee which cannot be impaired, altered, or abolished by a repeal or amendment of the ordinance unless the right to repeal or amendment is reserved in the enactment itself. Otherwise a repeal of such ordinance is an impairment of the obligation of such contract by the municipality and constitutes a violation of Article I, section 10, of the Constitution of the United States, section 1 of the Fourteenth Amendment to the Constitution of the United States, and Article I, section 3, of the Constitution of the State of Nebraska.

Many cases have been cited in support of the above propositions which are clearly distinguishable from the

case at bar and it would unduly lengthen this opinion to set such cases out and discuss the distinction between them and the instant case. The repeal of the ordinance in question did not invade any property rights or destroy any vested interests as claimed by the plaintiff, nor impair any obligation of a contract in violation of the Constitution of the United States or the Constitution of the State of Nebraska.

In 34 Am. Jur., Mandamus, § 199, p. 970, it is said: "Ordinarily, a municipality or quasi municipality, such as a district organized to supply its inhabitants with water, gas, etc., is not bound to furnish a supply to everyone that demands it, regardless of the expense involved and the returns which will result in so doing, * * *. As a general rule, the municipality which engages in furnishing water or other such supply to its inhabitants has a governmental discretion as to the limits to which it is advisable to extend its mains, and unless such discretion is abused, the decision of the municipality in the matter is determinative, and mandamus will not lie to control or review it. The writ has been refused when sought to compel a municipality or a water district to extend its water system or mains, * * *."

A court has no power by mandamus to control the decision of those matters which are left by statute to the discretion of the governing body of a governmental agency. See, State ex rel. Evans v. Brown, 152 Neb. 612, 41 N. W. 2d 862; State ex rel. Weinberger v. Gormley, 155 Neb. 242, 51 N. W. 2d 343; State ex rel. Nebraska Beer Wholesalers Assn. v. Young, 153 Neb. 395, 44 N. W. 2d 806; State ex rel. Kittel v. Bigelow, 138 Ohio St. 497, 37 N. E. 2d 41; Larsen v. Nordbye, 181 F. 2d 765; Annotation, 45 A. L. R. 829.

We conclude, for the reasons given herein, the trial court did not err in dissolving the alternative writ of mandamus and dismissing the plaintiff's petition at plaintiff's costs.

AFFIRMED.