**BURNETT et, Plaintiffs-Appellants, v. WOOSTER et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Lake County.

No. 466.   Decided 1949.

T. R. Zettelmeyer, Willoughby, for plaintiffs-appellants.

A. C. Knight, Willoughby, Lester W. Donaldson, Painesville, for defendants-appellees.

## OPINION

By PHILLIPS, J.

Plaintiffs appealed to this court on questions of law "from the (following) final order and judgment entered" in the Court of Common Pleas on the sixth day of August 1948:—

"1948 Aug. 6. This day being a day in the April Term of Court, the following proceedings were had herein, to-wit:

"This cause came on to be heard upon the demurrer of the defendants to the plaintiffs' amended petition upon the ground that said amended petition does not state facts which show a cause of action.

"Upon due consideration of the arguments of counsel and the briefs subsequently filed by them, the court finds said demurrer well taken, and, therefore, sustains the same. And therefore the plaintiffs, not asking to plead further, it is the final order of this court that the defendants go hence without day, and that the costs be assessed against the plaintiffs."

On August 12, 1948, plaintiffs filed in the court of appeals a paper writing entitled "motion" which reads:—

"Now come the appellants through their attorney, T. R. Zettelmeyer, and respectfully move this Court for an order restraining the Board of Township Trustees of Willoughby Township, Lake County, Ohio from holding a special election on the 14th day of September 1948, or any other date, until Case No. 466, now pending in the Court of Appeals, has been heard by the Court of Appeals of the Seventh Judicial District and the Court's final order entered, and should the Court find the Township Trustees of Willoughby Township, Ohio have neglected and failed to comply with the Statutes relative to the Township Zoning within the Township of Willoughby, Lake County, Ohio, then the restraining order be made permanent.

"The basis for this request is set forth in the brief accompanying this motion. * * *

"In support of the Motion for a Restraining Order, appellants state that the Township Trustees of Willoughby Township, Ohio, have failed to comply with §§3180-32 and 3180-37 GC.

"The township Trustees have further failed to give to the Township Board of Zoning Appeals the powers authorized

under §3180-38 GC and the Township Board of Zoning Appeals has failed to organize, adopt rules, hold meetings, and keep minutes and records of appeals filed with such Board as provided for in §3180-39 GC; and has failed to hear the appeal filed by the appellant, John Burnett, on the 22nd day of May 1948; and has failed to make an order, and such order, if adversely affecting the appellants, could have been appealed to the Court of Common Pleas, Lake County, Ohio.

"The appellants further say that under §3180-36 GC, they have attempted to seek relief in the Court of Common Pleas of Lake County, Ohio, and that their Petition was demurred to by the Township Trustees; that said matter is now before the Court of Appeals, the same being Case No. 466.

"The appellants further say that should an election be held on the 14th day of September 1948 before final determination of this cause by the Court of Appeals, and the ruling of the Court of Appeals should be in favor of the appellants, the election would be a nullity and of no force and effect.

"Appellants further say that should the Township Trustees be permitted to hold the election on the 14th day of September 1948, or at any time before a final hearing of Case No. 466, in the Court of Appeals of Lake County, Ohio, these appellants will be denied their rights' under the Statutes of the State of Ohio and said appellants will suffer irreparable damage; and the appellants having no adequate remedy at law available to them, respectfully ask that this Court of Appeals grant an order restraining the Township Trustees of Willoughby Township, Ohio from holding the election on September 14, 1948, or at any other time, until Cause No. 466 in the Court of Appeals, Lake County, Ohio, is finally determined by this Court. All of which is respectfully submitted."

Plaintiffs' motion was sustained and until further order of this court defendants were restrained from holding the election to which reference is made in that motion. Subsequently the foregoing entry was vacated after hearing of the case upon its merits.

Plaintiffs alleged in their amended petition inter alia that they are residents of the Township of Willoughby, Lake County, Ohio, and:—

"1. That the Zoning Commission in violation of §3180-29 GC have failed to adopt rules for the transaction of its business and have failed to keep a record of its actions and determinations.

"2. That the Township Trustees of Willoughby Township Ohio on May 6th, 1948 held a public hearing at Willoughby Union High School on the proposed zoning resolution without giving the thirty days' notice of the time and place of hearing by causing said notice of such hearing to be published in a newspaper of general circulation in the township in violation of §3180-32 GC.

"3. That on the 22nd day of May 1948 a notice of appeal was filed with the township Zoning Commission addressed to its Chairman, Clarence Bladwin, and a notice of appeal to Fred Goodrich, Chairman of the Board of Township Trustees, appealing from the determination made by the township Zoning Commission and the Township Trustees at their meeting on May 13, 1948. Service of these notices was made on Mrs. Ethel Wooster, Clerk of the Board of Township Trustees and the Township Zoning Commission. A copy of said notice of appeal was served by registered mail upon Mr. Donald Prindle, chairman of the Township Board of Zoning Appeals. Said appeal was filed within the statutory period for the filing of such appeal and that no action has been taken."

As applicable §3180-36 GC provides:—

"* * * Any person adversely affected by an order of the board of township trustees adopting, amending or rescinding a regulation under the authority of this act may appeal to the court of common pleas of the county in which such township is located on the ground that such board of township trustees failed to comply with the law in adopting, amending, rescinding, publishing or distributing said regulation, or that said regulation as adopted or amended by the board of township trustees is unreasonable or unlawful or that the revision of the regulation was unreasonable or unlawful."

Carefully considering the quoted allegations of plaintiffs' amended petition together with the other allegations thereof we believe that considering that pleading in its entirety it does not state a cause of action against defendants.

In our opinion plaintiffs have an adequate remedy under the provisions of §3180-36 GC, by appeal as provided therein, which should have been pursued in the place of the original action in injunction filed in that court.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, concurs. .

NICHOLS, J, concurs in the judgment.