**DARDAS, d. b. a. DARDAS SHEET METAL COMPANY, Plaintiff-Appellee, v. BOARD OF COUNTY COMMISSIONERS, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4047.   Decided April 14, 1959.

Walter T. Cooper, Youngstown, for plaintiff-appellee.
Thomas A. Beil, Pros. Atty., Harold H. Hull, Asst. Pros. Atty., Youngstown, for defendant-appellant.

108

## OPINION

Per CURIAM.

The Board of Warm Air Heating Examiners of Mahoning County, called the Board, denied Steve Dardas, d. b. a. Dardas Sheet Metal Company, called Dardas, a license under the grandfather clause to install warm air heating equipment in the unincorporated areas of Mahoning County on the ground that he failed to establish to its satisfaction that his principal occupation was that of heating contractor.

The Board's refusal to grant a license was based on Title XIX, Section 1903-1, Paragraph 3, of the new Building Code of Unincorporated Areas of Mahoning County.

The building code required the obtaining of a building and/or heating permit before any such work might legally be undertaken in the unincorporated areas of Mahoning County.

Upon appeal to the Board of Appeals of the Mahoning County Building Inspection Department, called Board of Appeals, that body held that Dardas was not entitled to a license to install any kind of heating equipment in the unincorporated areas of Mahoning County for the reason that he was not a full time heating contractor.

Subsequent thereto in an action in injunction in the Court of Common Pleas a judge thereof held "that §307.37 R. C., gives the defendant board no power, express or implied, to provide for licensing heating contractors."

From that holding the commissioners appeal to this court on questions of law presenting the simple question of the right of the commissioners and the board of appeal to deny Dardas the license for which he applied and the authority of the board to require a license, the jurisdiction of the trial court to entertain the action in injunction, and whether Dardas was "authorized to institute" the action in injunction as an alternative to and in place of the appeal provided for by statute.

The commissioners contend, as stated in 20 O. Jur. (2d), Section 15, Page 43, that:—

"If there is available to the party invoking equitable relief some administrative or unofficial remedy to which he has not resorted, a court of chancery will not exercise its jurisdiction unless and until he has first exhausted such remedies. Resort to equity is premature before this is done, as it will be presumed, in the absence of a clear showing to the contrary, that the other tribunal thus open to the complainant will give him relief. However, it is a necessary qualification of this principle that the administrative or other remedy must appear to be adequate and complete."

The commissioners support their contention that Dardas has an adequate remedy at law by appeal to the court of common pleas under §307.37 R. C., and is not authorized to bring a separate action in injunction by citation of **Burnett v. Wooster, 55 Abs 216; Eggers v. Morr, 162**

Oh St 521; Meeker v. Scudder, 108 Oh St 423; 21 O. Jur., Section 26, Page 1021, and cases cited therein; 1 O. Jur. (2nd), Section 192, Page 584, citing Powell v. Young, 148 Oh St 342; and 1 O. Jur. (2nd), Section 194, Page 587, citing Brown-Brockmeyer Co. v. Board of Review, 70 Oh Ap 370.

In 1 O. Jur. (2nd), Section 194, Page 587, it is said:—

"Where a statute provides for an 'appeal' from an administrative determination, to be heard upon a transcript of the administrative proceedings, the review is nothing more than an error proceeding and the trial court cannot hear the appeal de novo."

To support their position further the commissioners cite 1 O. Jur. (2nd), Section 195, Page 588, where it is said:—

"In view of the legislative purpose to place the determination of facts with boards or commissions composed of men equipped with the necessary knowledge and experience pertaining to a particular field, and in view of the provision that a court may grant a request for the introduction of additional evidence providing it is newly discovered, the word 'appeal' in the Administrative Procedure Act merely confers revisory jurisdiction on the court and does not authorize a trial de novo whereby the court may substitute its judgment for that of the agency which heard the facts." (Citing Farrand v. State Medical Board, 151 Oh St 222; Meyer v. Dunifon, 88 Oh Ap 246.)

While the commissioners do not charge the trial judge in the action in injunction with abuse of discretion in assuming jurisdiction in that action yet they hint broadly at such a charge by citing 1 O. Jur. (2nd), Section 186, Page 578, where it is said:—

"The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude. There is a difference between action which is an abuse of discretion and an action which is against the weight of the evidence, and if an administrative determination is supported by substantial evidence there is no abuse of discretion. * * *."

Defendant contends it is a well settled principle of administrative law that before a litigant can invoke the jurisdiction of a court he must have exhausted the administrative remedies available to him. Defendant states that in the case of Renner, Treasurer v. Gordon, 157 Oh St 69, the supreme court refused to grant a motion to certify, thus sustaining the court of appeals holding in the case of Renner, Treasurer v. Gordon, 91 Oh Ap 208, that the appellant therein failed to exhaust the statutory remedies available to him before bringing the action.

Defendant contends the right of appeal to the common pleas court is in the nature of an administrative remedy available herein; and that resort to injunction without exhausting the remedies provided by statute is a failure to comply therewith.

Further counsel for commissioners state that the allowance of injunctive relief would permit two adjudications—one in equity and one in law. In support of this contention counsel cite State, ex rel. Cook, v. Turgeon, 50 Abs 45, page 46, syllabus 5; Partain v. City of Brooklyn, 101 Oh Ap 279; The Cleveland Trust Co. v. The Village of Brooklyn, 92 Oh Ap 351 at page 358; McCloud v. Woodmansee, 165 Oh St 271, citing L. & M. Investment Co. v. Cutler, 125 Oh St 12, and State, ex rel. Shafer,

v. Ohio Turnpike Commission, 159 Oh St 581; State, ex rel. Lieux v. Village of Westlake, 154 Oh St 412. In The Cleveland Trust Co. v. Village of Brooklyn, 92 Oh Ap 351, at page 358, it is said:—

"Before a court will declare a zoning ordinance invalid it must clearly appear that it has no substantial relation to the public health, safety or morals or the general welfare."

In the case of American Power and Light Company v. Securities & Exchange Commission, 329 U. S. 90, the court in substance said the commission has accumulated experience and knowledge which no court can hope to attain.

On the question of the province of the courts to absorb the functions of administrative bodies it is stated in Gray v. Powell, 314 U. S. 402, at page 412, that:—

"It is not the province of a court to absorb the administrative functions to such an extent that the executive or legislative agencies become mere fact-finding bodies deprived of the advantages of prompt and definite action."

Summarizing commissioners contend:—

"1. If the action of the commissioners was unlawful by reason of having 'failed to comply with the law in adopting * * * such regulation or that the regulation as adopted' is unreasonable or unlawful then plaintiff's sole remedy was to appeal.

"2. By reason of the increased powers given to the defendant board under §307.37 R. C., not found under other similar statutes, the defendant board acted within its legal authority and the Wetterer case is not decisive of the matter before the court."

The action we review was not started to overthrow or appeal from any order of the board made by the commissioners under §307.37 R. C. It is a direct attack on the power of the board to issue licenses. It was not an appeal from the decision of the Board.

We believe, as stated by the trial judge, that §307.37 R. C., gives the defendant board no power, express or implied, to provide for licensing heating contractors.

The General Assembly established by statute the body presently known as the Board of County Commissioners, and the organization, powers and duties of such board is contained in §305.01 et seq, R. C., and §307.01 et seq, R. C. It thus became a political subdivision of the state and, in character, this body has been described in precedent law as a quasi corporation. As such quasi corporation its powers are strictly limited to those granted to them by statute and such powers are administrative, purely, and not legislative; and, in case of doubt as to the existence of a power, the doubt is resolved against it. See Jones v. Commissioners of Lucas County, 57 Oh St 189; Peter v. Parkinson, 83 Oh St 36; State, ex rel. Locher v. Menning, 95 Oh St 97. The powers granted to the board of county commissioners must be construed strictly. See State, ex rel. Treadwell, v. Commissioners of Hancock County, 11 Oh St 183; and Commissioners v. Andrews, 18 Oh St 50.

Sec. 307.37 R. C., provides:—

"The board of county commissioners, in addition to its other powers,

may adopt, administer, and enforce regulations pertaining to the erection, construction, repair, alteration, and maintenance of residential buildings, offices, mercantile buildings, workshops, or factories, including public or private garages, within the unincorporated portion of any county. In no case shall such regulations go beyond the scope of regulating the safety, health, and sanitary conditions of such buildings. Any person adversely affected by an order of the board adopting, amending, or rescinding such a regulation may appeal to the court of common pleas of the county on the ground that the board failed to comply with the law in adopting, amending, rescinding, publishing, or distributing such regulation, or that the regulation, as adopted or amended by the board, is unreasonable or unlawful, or that the revision of the regulation was unreasonable or unlawful. * * *."

In 1950 Attorney General Opinion 1983 it is said:—

"A board of county commissioners has no authority under the provisions of §2480 GC, to adopt regulations which would prohibit carrying on the business of plumbing anywhere in the unincorporated area of the county by unlicensed plumbers."

Also see 1953 Ohio Attorney General Opinion 2761; and **Wetterer v. Hamilton County Board of Health, 167 Oh St 127 at page 136.**

In **8 O. Jur., Section 568, Page 703,** it is said:—

"It is a general principle of law that everyone is entitled to the protection of those fundamental principles of liberty and justice which lie at the basis of all our civil and political institutions. The constitutional guaranties are that 'every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law'; and that no person shall be deprived of life, liberty, or property without due process of law."

In the case of Markley et al, v. State, 12 Ohio Circuit Court Reports (n. s.) 81, it is said in the third paragraph of the syllabus:—

"The delegation of power to the board of such fair, to determine who shall do the forbidden act, is an unlawful restriction upon a lawful business, giving the board the power to destroy competition and create a monopoly and to deprive a citizen of the right guaranteed to him by Section 1, Article I, of the Bill of Rights of enjoying and possessing his property."

In **8 O. Jur., Section 589, Page 705,** it is said:—

"* * * If a business is not harmful the prosecution of it cannot lawfully be prohibited to one who will conduct the business in a proper and circumspect manner. Such an one would be deprived of his liberty without due process of law."

In **21 O. Jur., Section 71, Page 1084,** it is said:—

"A court of equity will interfere by injunction to stay any proceedings which go to the immediate, or tend to the ultimate, destruction of property, or to make it less valuable or comfortable for use or occupation."

Now we come to consider the question whether plaintiff states a cause of action in his petition. In the case of **Wetterer v. Hamilton County Board of Health, 167 Oh St 127,** at page 129, it is said:—

"By the standards of eligibility fixed by the Board of Plumbing Examiners, the plaintiffs were ineligible for examinations as journeymen plumbers and therefore forbidden to perform jobs and work which admittedly they have performed capably and competently for many years.

"The plaintiffs claim that the board of health 'has no authority whatsoever to license persons to perform plumbing work' or 'to require licenses of persons performing plumbing work within Hamilton County General Health District,' and pray for an order restraining the Hamilton County Board of Health from enforcing said regulations."

The **Wetterer case, 167 Oh St 127,** was decided under §3709.21 R. C. It is agreed that this section has nothing to do with §307.37 R. C., quoted above, and that §3709.21 R. C., applies only to Boards of Health while §307.37 R. C., applies only to County Commissioners.

We quote the phrases of both sections which limit their powers:—
**Sec. 307.37 R. C.:—**

"* * * In no case shall such regulations go beyond the scope of regulating the safety, health and sanitary conditions of such buildings * * *."

**Sec. 3709.21 R. C.:—**

"The board of health * * * may make such orders and regulations as are necessary * * * for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances. * * *."

These are the empowering sections. Although the specific wording is different, we find the quoted sections analogous, and the phrases synonymous. If anything, the board of health section is broader since the wording in that section is not explicit, while §307.37 R. C., does restrict.

The pleading question which defendant raises was never raised in the Wetterer case, and that case went to the Ohio Supreme Court on essentially the same question of law. In the Wetterer case an injunction and a declaratory judgment was asked for and given. In the case before this court an injunction was also sought in addition to a declaratory judgment. However, we find no place where an objection has been made to the combined action. Since there has been no objection we feel that the combination at this time is before us, and that we may speak not only by way of declaratory judgment but on the injunction as well.

Plaintiff contends the pleading question raised by defendant has no merit.

In **8 O. Jur., Section 177, Page 280,** it is said:—

"A permanent injunction may be decreed to prevent the enforcement of an unconstitutional statute. Injunction is a proper remedy to prevent the enforcement of an unconstitutional law which will interfere with a person's property rights and result in a multiplicity of suits, even if a legally elected or appointed officer is proceeding to enforce the law. * * *."

We find no merit in the contention that plaintiff is estopped to question the validity of the licensing measure by applying for his license,

nor that since §307.37 **R. C.**, makes provision for appeal it thereby excluded all other remedies.

We believe the power of the trial judge was sufficient to have enjoined enforcement of §307.37 **R. C.**, even "if its constitutionality be questioned and found wanting." Smith Agricultural Chemical Company v. Calvert, Secretary of the Ohio State Board of Agriculture, et al, 7 Ohio Nisi Prius (n. s.) 103.

We find no ambiguity in §307.37 **R. C.**, nor error on the part of the trial judge.

The judgment of the court of common pleas is affirmed.

PHILLIPS and DONAHUE, JJ, concur.
GRIFFITH, PJ, dissents.

### DISSENTING OPINION

By GRIFFITH, PJ.

This is an appeal on questions of law from a judgment of the Court of Common Pleas and from an order overruling a motion for new trial, which order was made on January 12, 1959.

There is no dispute as to the facts in the case. No testimony was taken, and the only exhibit admitted was a copy of the Building Code of Unincorporated Areas of Mahoning County. This resolution was adopted by the Board of County Commissioners on June 23, 1958. It requires a license for heating contractors in the area (Section 1903-1 of the Code with the grandfather clause [3] exception).

The common pleas court held that §307.37 **R. C.**, gives the Board of County Commissioners no power, express or implied, to provide for licensing heating contractors in the unincorporated area of the county. This section, which is the sole authority for the commissioners' action, after excising all matters not applicable to the case in hand, provides:—

"The * * * commissioners, * * * may adopt, * * and enforce regulations, pertaining to the erection, * * * of * * * buildings * * *, within the unincorporated portion of any county. In no case shall such regulations go beyond the scope of regulating the safety, health, and sanitary conditions of such buildings. * * *."

Was there a lack of power on the part of the County Commissioners to enact this building code, and especially the part requiring licensing of heating contractors, or on the other hand did the General Assembly clothe the board with power to enact such regulations applicable, of course, to the unincorporated areas of the county? That is the only question involved in this case.

Plaintiff cited the case of **Wetterer et al, v. Board of Health, 167 Oh St 127**, decided December 18, 1957. That case is clearly distinguishable from the one at hand.

Sec. 307.37 **R. C.**, which is the only enactment upon which the commissioners may act, uses the following meaningful words:—

"In no case shall such regulations go beyond the scope of regulating the safety, health, and sanitary conditions of such buildings."

These words of limitation imply an authority to act within such

boundaries. No such language is to be found in §§3707.01, 3709.21 or 3709.36 R. C., which sections are the basis of the Wetterer decision.

I think §307.37 R. C., authorizes the commissioners to adopt and enforce the resolution in question if not expressly certainly by implication. The permanent injunction heretofore granted by the trial court should be dissolved and the plaintiff's petition dismissed.